PEOPLE v WARD

1. ARREST—PROBABLE CAUSE—ARREST WITHOUT WARRANT—MISDE-
MEANORS—RECORD INFORMATION—KNOWLEDGE—PRESENCE OF
OFFICER.

Probable cause is not sufficient to justify an arrest without a
warrant for a misdemeanor not committed in the arresting
officer's presence, but a police officer may properly rely upon
information obtained by radio from another police officer who
is examining an official record and such information may
become part of the arresting officer's knowledge which he can
consider in deciding whether a law violation has occurred in
his presence.

2. AUTOMOBILES—SUSPENSION OF LICENSES—DELAY—ARREST—KNOWL-
EDGE—PROBABLE CAUSE.

There will always be some delay between the official action
suspending or reinstating a driver's license and the time when
that information is conveyed to law enforcement agencies;
where the potential time lag is short, license information
received by police agencies may be treated as knowledge; as the
information becomes more and more stale, it ceases to be
knowledge and becomes merely probable cause.

3. AUTOMOBILES—SEARCHES AND SEIZURES—ARREST—TEST—REASONA-
BLENESS.

The rules governing investigatory stops of automobiles apply even
where a misdemeanor arrest rather than a search is the next
stage following the stop; reasonableness of the stop as deter-
mined by the facts and circumstances of each case is the test to
be applied, but a stop of a motor vehicle for investigatory
purposes may be based upon fewer facts than those necessary
to support a finding of reasonableness where both a stop and a
*search* is contemplated by the police.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 5 Am Jur 2d, Arrest §§ 26, 28.
What constitutes probable cause for arrest—Supreme Court cases.
28 L Ed 2d 978.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 120.
[3] 68 Am Jur 2d, Searches and Seizures § 100.

4. Arrest—Probable Cause—Automobiles—Investigatory Stops—
   Reasonable Belief—Criminal Activity.

   Probable cause to arrest is not necessary to justify an investigatory stop of an automobile by a police officer; what is necessary
   is a reasonable belief that criminal activity *may be* afoot.

5. Automobiles—Investigatory Stops—Misdemeanors—Probable
   Cause—Additional Information—Confirmation—Arrest.

   A police officer who has probable cause to believe that a misdemeanor has been committed in his presence may make an
   investigatory stop of a moving motor vehicle in order to acquire
   additional information to confirm or refute his belief; where the
   driver then confirms the officer's probable cause belief, the
   officer has sufficient information to arrest for the misdemeanor.

Appeal from Oakland, Robert L. Templin, J. Submitted December 7, 1976, at Lansing. (Docket No. 27749.) Decided February 3, 1977.

Rudolph Ward was convicted, on his plea of guilty, of carrying a concealed weapon. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel and *T. Michael McLarry,* Assistant Prosecuting Attorney, for the people.

*Hatchett, Dewalt & Hatchett,* for defendant on appeal.

Before: D. E. Holbrook, P. J., and Allen and D. C. Riley, JJ.

Allen, J. On April 7, 1975, the defendant pled guilty to a charge of carrying a concealed weapon, MCLA 750.227; MSA 28.424, and was sentenced to a prison term of 40 months to 5 years. The plea agreement provided that the defendant did not waive his right to appeal the trial judge's denial of

his earlier motion to suppress the gun found in his automobile when he was arrested. The defendant argues that the motion should have been granted because the search which led to the discovery of the gun was incident to an illegal arrest.

Carrying a concealed weapon without an appropriate license is a felony. However, the defendant was originally arrested for the misdemeanor of driving an automobile while his operator's license was suspended. MCLA 257.904; MSA 9.2604. The gun which led to the felony charge was discovered during an inventory search of the defendant's car immediately following his arrest.

The fact that the defendant was arrested for a misdemeanor rather than a felony is important because police officers must have a warrant to make an arrest for a misdemeanor, unless the misdemeanor was actually committed in their presence. MCLA 764.15(a); MSA 28.874(a). By way of contrast, an officer may make a warrantless felony arrest based on "reasonable cause to believe that a felony has been committed". MCLA 764.15(d); MSA 28.874(d).

The arresting officer in the present case testified that, approximately one week before the date of this offense, he saw the defendant driving an automobile, suspected that the defendant did not have a valid license,[1] but was unable to take any action because he was already answering a radio alarm. At the end of his shift on that day, the

[1] The defendant's attorney prevented the police officer from elaborating on the reasons for his suspicion. Exhibits attached to plaintiff's brief on appeal indicate that the defendant had a very bad driving record, that his license has repeatedly been suspended both for substantive offenses and for driving while his license was suspended on other previous occasions. We attach no weight to these exhibits since this Court may not consider evidence which was not presented to the trial judge. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). The proper procedure would have been to make an offer of proof before the trial judge.

officer checked with the authorities in Lansing who confirmed that the defendant's license was suspended. Slightly more than one week later, on October 10, 1973, while on routine patrol, the officer again observed the defendant driving an automobile on a public street. All parties agree that, except for the absence of a valid license, the defendant was operating the vehicle in a lawful manner. Because he believed that the defendant's license was suspended, the officer immediately stopped the defendant's vehicle. He asked the defendant for his operator's license and placed the defendant under arrest after he stated that he did not have one. A wrecker was called to tow the defendant's vehicle to police headquarters. While waiting for the wrecker, a brief inventory search of the vehicle turned up the weapon which the defendant argues should have been suppressed.

The crux of the defendant's argument is that the officer did not know when he stopped the defendant that defendant's operator's license was, in fact, still suspended. Without that certain knowledge the defendant argues that the arrest must have been based on probable or reasonable cause, neither of which is a sufficient basis for a misdemeanor arrest. MCLA 764.15; MSA 28.874.

The defendant relies principally upon *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974). That case emphatically affirmed the rule that probable cause is not sufficient to justify a warrantless misdemeanor arrest. Like the present case, *Dixon* involved an arrest for driving with a suspended license. MCLA 257.904; MSA 9.2604, and a conviction for an unrelated felony. The police officers in *Dixon* stopped a vehicle because it was making an excessive amount of noise.[2] Dixon produced an

---

[2] The Motor Vehicle Code requires that every vehicle be equipped with a muffler in good working order. MCLA 257.707; MSA 9.2407.

operator's license, but the officers were suspicious and radioed their headquarters where a check revealed that Dixon's license was suspended. Upon learning of the suspension, the officers arrested Dixon on the misdemeanor charge. Although the Supreme Court reversed Dixon's felony conviction on other grounds, it held that his arrest was proper.

"We hold that in deciding whether to arrest for the misdemeanor of driving without an operator's license, a police officer may properly rely on information obtained by radio from another police officer who is examining an official record, that such information becomes part of the arresting officer's knowledge which he can consider in deciding whether a law violation has occurred in his presence.
"We reiterate that this qualification should not be read as justifying warrantless misdemeanor arrests on other 'reasonable' or 'dependable' information." 392 Mich at 699.

As we read *Dixon,* it does not clearly require a holding one way or the other in the present case. The officer in this case had information which understandably led him to conclude that a misdemeanor was being committed in his presence. The problem is not that the information may have been inaccurate when received, but rather that it was stale and might have been rendered false by intervening events. We think that the trial judge accurately stated the problem as follows:

"All we are talking about is the time period. Obviously, if the LEN[3] was run and the officer witnessed him driving a year from then and nabbed him, it would be too long. If the LEN was run and he nabbed him the next day, that would be alright; would you agree?"

---

[3] Law Enforcement (Information) Network.

The defendant's attorney did not agree, but we do. Even under the circumstances approved in *People v Dixon, supra,* the officer could not have been sure that the information received over the radio was accurate at the precise moment of the arrest. There will always be some delay between the official action suspending or reinstating a license and the time when that information is conveyed to the law enforcement agencies. If the potential time lag is short enough, we treat the information as "knowledge". At some point, as the information becomes more and more stale, it ceases to be "knowledge" and becomes merely "probable cause". The defendant is really asking us to hold that a delay of one week between receipt of information and action upon the information is too long. The question is a difficult one. Fortunately, it need not be decided in this case.

The officer did not immediately arrest the defendant. Rather, he stopped him and asked for the defendant's operator's license. The arrest did not occur until after the defendant admitted that he did not have a valid license. In attacking the arrest, the defendant is aiming at the wrong target. He should be challenging the basis for the stop of the defendant's vehicle. There is considerable recent authority discussing the prerequisites for an investigatory stop of a motor vehicle. Unfortunately, most of the discussion is phrased in terms of stops vis-a-vis searches rather than stops vis-a-vis arrests, which is what we are concerned with in the present case. Despite the introduction of search and seizure language, we believe that the rules governing investigatory stops apply even if a misdemeanor arrest rather than a search is the next stage following the stop. The requirements were stated in *People v Whalen,* 390 Mich 672, 682; 213 NW2d 116 (1973):

"1. Reasonableness is the test that is to be applied for * * * the stop of * * * moving motor vehicles.

"2. Said reasonableness will be determined from the facts and circumstances of each case.

"3. Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved * * * .

"4. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police." See also *People v Parisi,* 393 Mich 31; 222 NW2d 757 (1974).

As mentioned, both *People v Whalen, supra,* and *People v Parisi, supra,* contrasted the showing necessary to justify an investigatory stop of a motor vehicle with the showing required to justify a *search* of such a vehicle. The contrast between stops and *arrests* was pointed out in *People v Lillis,* 64 Mich App 64, 70; 235 NW2d 65 (1975):

"Probable cause to arrest is not necessary for an investigatory stop. What is necessary is a reasonable belief 'that criminal activity *may be* afoot'."

We hold that an officer who has probable cause to believe that a misdemeanor has been committed in his presence may make an investigatory stop of a moving motor vehicle in order to acquire additional information to confirm or refute his belief.[4] Even if the information possessed by the officer was not sufficient to justify a warrantless arrest, it was certainly sufficient to support an investigatory stop. The defendant himself then confirmed the officer's probable cause belief that the defendant's operator's license was suspended. As the Supreme

[4] The rule that probable cause is not sufficient to justify a warrantless misdemeanor arrest is a creation of statute, not of the Michigan or United States Constitutions. Therefore, MCLA 764.15; MSA 28.874, offers no guidance as to whether or not an investigatory stop was proper under these circumstances.

Court recognized in *People v Dixon, supra,* the individual suspect is the possessor of the most current and most accurate information on the status of his operator's license. 392 Mich at 698. Once the defendant confirmed that he had no valid license, the officer in this case then had sufficient information to arrest the defendant for a misdemeanor committed in the officer's presence. *People v Dixon, supra.*

For the reasons stated, we affirm the defendant's conviction.

Affirmed.