## PEOPLE v ARNOLD SMITH

Docket No. 77-3096. Submitted June 21, 1978, at Detroit.—Decided January 3, 1979. Leave to appeal applied for.

Two Detroit police officers observed Arnold C. Smith walking down a street after the curfew time for minors. The officers, believing that Smith was under 18 years of age, put a spotlight on the defendant and announced that they were police officers. Smith was actually 19 at the time. Smith then attempted to flee and just before being apprehended he threw a gun into some bushes. Smith was arrested and charged with carrying a concealed weapon. The defendant was subsequently found quilty as charged, Recorder's Court of Detroit, Michael J. Hand, J. The defendant appeals, challenging the constitutionality of the Detroit curfew ordinance and claiming that because he was initially stopped pursuant to an unconstitutional ordinance, and the seizure of the gun flowed from the illegal stop, the gun should have been suppressed at trial. *Held:*

1. The defendant lacks standing to challenge the constitutionality of the statute as applied to those who are 18 years old or

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 8] 16 Am Jur 2d, Constitutional Law §§ 119-124.

[2] 68 Am Jur 2d, Searches and Seizures § 2.

[3] 5 Am Jur 2d, Arrest § 25.
  68 Am Jur 2d, Searches and Seizures § 99.

[4] 5 Am Jur 2d, Arrest § 38.

[5] 5 Am Jur 2d, Arrest § 46.

[6] 16 Am Jur 2d, Constitutional Law § 121.

[7] 5 Am Jur 2d, Arrest §§ 31, 40.
  68 Am Jur 2d, Searches and Seizures §§ 23, 41-45, 88.

[9] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 486.

[10] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 353, 354.
  Conclusiveness of declaration of emergency in ordinance. 35 ALR2d 586.

[11] 68 Am Jur 2d, Searches and Seizures § 99.

younger, since he was not a member of the class to whom the statute applies.

2. The ordinance does not infringe on the constitutional rights of youthful-looking adults.

3. The suspected violation of the curfew ordinance was a valid reason for the investigatory stop of the defendant. The subsequent observation of the gun provided the necessary probable cause to arrest defendant on the felony charge and the seizure of the gun was incident to a valid arrest.

4. The Detroit curfew ordinance is not in conflict with the Governor's exclusive emergency powers.

Affirmed.

1. CONSTITUTIONAL LAW—STANDING—CURFEW ORDINANCE.

A person over the age of 18 lacks standing to challenge the constitutionality of a curfew ordinance which applies to those who are 18 years old or younger.

2. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—JUSTIFICATION FOR STOP—SCOPE OF SEARCH.

A police officer's pursuit and arrest of a defendant whom the officer suspected of engaging in criminal activity is to be tested by the Fourth Amendment's general proscription against unreasonable searches and seizures which requires inquiry as to: (1) whether the officer's action was justified at its inception, and (2) whether it was reasonably related in scope to the circumstances which justified the interference in the first place (US Const, Am IV).

3. ARREST—SEARCHES AND SEIZURES—INVESTIGATORY STOP—PROBABLE CAUSE—MISDEMEANORS.

A police officer who has probable cause to believe that a misdemeanor has been committed in his presence may make an investigatory stop in order to acquire additional information to confirm or refute his belief.

4. ARREST—PROBABLE CAUSE—MISDEMEANORS—CURFEW VIOLATION—STATUTES—JUVENILES.

Probable cause is not sufficient to justify a warrantless misdemeanor arrest; therefore, a police officer cannot arrest a suspected curfew violator, under a curfew ordinance pertaining to persons 18 years old or younger, absent proof that the violator is in fact a juvenile.

5. ARREST—INVESTIGATORY STOP—POLICE—RIGHT TO QUESTION CITIZENS.

The police have a right to request citizens to answer questions

concerning unsolved crimes voluntarily, however, they have no right to compel them to answer.

6. Constitutional Law—Statutes—Direct Injury—Challenge to Statute.

A party who seeks to strike down a statute as unconstitutional must show direct injury from its enforcement.

7. Arrest—Probable Cause—Concealed Weapons—Searches and Seizures—Investigatory Stop—Curfew.

There was probable cause to arrest a defendant on the felony charge of carrying a concealed weapon where a gun was seen in the defendant's possession subsequent to an investigatory stop of the defendant for a suspected violation of an ordinance providing a curfew for minors, and where the defendant did not stop but fled, and the gun was perceived during the pursuit; the seizure of the gun was incident to a valid arrest.

8. Criminal Law—Constitutional Law—Curfew Ordinance—Miscalculation of Age—Minors.

A police officer's understandable miscalculation of a person's age which resulted in an investigatory stop to determine if the person was in violation of a curfew ordinance pertaining to minors does not give sufficient reason to question the constitutional validity of the curfew ordinance.

9. Municipal Corporations—Curfew Ordinance—Minors.

A city may regulate by ordinance a curfew on minors.

10. Municipal Corporations—City Charter—Curfew Ordinance—Minors—State of Emergency—Governor—Exclusive Emergency Powers—Statutes.

A provision in a city charter which allows a curfew ordinance pertaining to minors to be given immediate effect does not rise to the level of a declaration of a state of emergency; therefore, the curfew ordinance is not preempted by the statute which grants exclusive emergency powers to the Governor (MCL 10.31, 722.75; MSA 3.4[1], 28.342[4]).

11. Searches and Seizures—Arrest—Probable Cause—Investigatory Stop.

Probable cause to arrest is not necessary for an investigatory stop.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Elizabeth Budman,* for defendant on appeal.

Before: D. C. RILEY, P.J., and M. F. CAVANAGH and B. M. HENSICK,* JJ.

B. M. HENSICK, J. Defendant was charged with carrying a concealed weapon, MCL 750.227; MSA 28.424. He was jury convicted as charged and sentenced to 3 to 5 years imprisonment. He appeals as of right.

On September 13, 1977, at approximately 10 p.m., Detroit police officers Larry Nevers and Michael Angeluski were on street patrol in an unmarked police vehicle. They observed defendant walking down the street and directed the car's spotlight on him. Officer Angeluski testified that they put the spotlight on defendant because there was a curfew in effect for persons under 18 years of age and they were checking for juveniles still out. Officer Nevers testified that he thought at the time that defendant was possibly a juvenile. Defendant was actually 19 years old at the time of this incident.

After placing the spotlight on defendant, Officer Nevers announced in a commanding voice that they were police officers and that they wanted to talk to defendant. Officer Nevers testified that defendant looked in their direction, reached under his shirt, ran a few steps and ducked behind a parked car. They pulled up next to the car and Officer Nevers again identified himself as a police officer. Defendant ran and Officer Nevers chased

---

* Circuit judge, sitting on the Court of Appeals by assignment.

him on foot. While he was 10 to 15 feet behind defendant, Nevers saw defendant reach into his waist band area and throw a gun into some nearby bushes. Officer Angeluski also observed defendant throw a gun into some bushes. Defendant then stumbled and fell, and the officers arrested him and retrieved the gun. The gun and four live shells and one spent cartridge, found in the gun, were admitted into evidence.

On appeal, defendant raises several arguments challenging the constitutionality of the Detroit curfew ordinance.[1] Defendant contends that the ordinance is void because it is unconstitutionally vague and overbroad, because it is an emergency enactment which is preempted by MCL 10.31; MSA 3.4(1), and because it permits the arrest of an individual without probable cause. Defendant argues that because he was initially stopped pursuant to an unconstitutional ordinance, and the seizure of the gun flowed from the illegal stop, the gun should have been suppressed at trial.

---

[1] The relevant provisions of the Detroit curfew ordinance are:

"Sec. 36-3-1. Public Streets, playgrounds, etc.

"It shall be unlawful for a minor to be on the public streets, playgrounds, vacant lots or other unsupervised place, if such minor is under eighteen years of age, between the hours of 10:00 P.M. and 6:00 A.M., except Fridays and Saturdays, when the time for minors sixteen and seventeen years of age shall be between 11:00 P.M. and 6:00 A.M. (Ord. No. 424-F, § 1; Ord. No. 142-H, § 1; Ord. No. 157-H, § 1.)

\* \* \*

"Sec. 36-3-5. Exceptions to article.

"The provisions of this article do not apply to:

"(a) A minor accompanied by his or her parent, legal guardian or other adult person having the care or custody of the minor; or

"(b) A minor going to or returning from work, provided, that the minor's hours of employment do not violate state law; provided further, that the minor possesses a signed statement issued by his or her employer within the previous ninety days setting forth the minor's hours of employment; and provided further, that such minor shall be exempt from the requirements of this article for not more than one hour before the minor's work day begins and for not more than one hour after the minor's work day ends. (Ord. No. 424-F, § 5; Ord. No. 450-F, § 1; Ord. No. 144-H, § 1; Ord. No. 157-H, § 1.)"

We begin our discussion of defendant's constitutional arguments by narrowing the scope of this issue. Defendant, who was 19 years old at the time of the incident, was not a member of the class to whom the ordinance in question applies. He was not, and indeed, could not have been arrested, prosecuted or convicted for a violation of the ordinance. Defendant therefore lacks standing to attack the constitutionality of the statute as it applies to those who are 18 years old or younger. *Mary v Lewis,* 399 Mich 401, 416; 249 NW2d 102 (1976), *Thomas v Morton Salt Co (On Rehearing),* 258 Mich 231, 232; 242 NW 235 (1932).

We only address defendant's contention that the ordinance impinges on the freedom of movement of youthful-looking persons over the age of 18. Although defendant was not charged under the curfew ordinance, we must address this question in order to determine whether the officers' action in attempting to stop defendant and the subsequent pursuit which led to the seizure of the gun were justified. In *People v Terrell,* 77 Mich App 676, 679; 259 NW2d 187 (1977), this Court stated:

"The police officer's investigatory pursuit of defendant must be tested by the Fourth Amendment's general proscription against unreasonable searches and seizures. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). The inquiry demanded by *Terry* is a dual one.

" '* * * whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.' *Terry v Ohio,* 392 US at 20."

An officer who has probable cause to believe that a misdemeanor has been committed in his presence may make an investigatory stop in order to

acquire additional information to confirm or refute his belief. *People v Ward,* 73 Mich App 555, 561; 252 NW2d 514 (1977). However, probable cause is not sufficient to justify a warrantless misdemeanor arrest. MCL 764.15; MSA 28.874. Therefore, a police officer cannot arrest a suspected curfew violator, absent proof that the violator is in fact a juvenile.

In *People v DeFillippo,* 80 Mich App 197; 262 NW2d 921 (1977), *lv den,* 402 Mich 921 (1978); *cert grt'd,* — US —; 99 S Ct 76; 58 L Ed 2d 107 (1978), this Court held that the Detroit ordinance which allowed a police officer to arrest an individual for failure to produce identification was unconstitutional. The *DeFillippo* Court explained that while police may under certain circumstances intrude upon a person's privacy by stopping him and asking questions, *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), there can be no requirement that the person answer. " '[W]hile police have a right to request citizens to answer voluntarily questions concerning unsolved crimes they have no right to compel them to answer.' *Davis v Mississippi,* 394 US 721, 727 fn 6; 89 S Ct 1394, 1397, fn 6; 22 L Ed 676, 681 fn 6 (1969). Accord, *Terry v Ohio, supra,* at 34, 88 S Ct at 1886; 20 L Ed 2d at 913 (White, J., concurring)." 80 Mich App at 202.

In the instant case, defendant could have had no reasonable fear of prosecution under the ordinance. At most, the police officers could have asked defendant if he was a juvenile and defendant could have refused to answer. Given these circumstances, we fail to perceive any substantial infringement on defendant's constitutional rights.

A party who seeks to strike down a statute as unconstitutional must show direct injury from its

enforcement. *City of Allegan v Consumers Power Co,* 71 F2d 477 (CA 6, 1934). As the instant case only involves a relatively minor intrusion, we reject defendant's contention that the ordinance infringes on the rights of youthful-looking adults.

We conclude that the suspected violation of the curfew ordinance was a valid reason for the investigatory stop of defendant and that an understandable miscalculation of age is not sufficient to question the validity of the ordinance. The subsequent observation of the gun provided the necessary probable cause to arrest defendant on the felony charge and the seizure of the gun was incident to the valid arrest.

We also reject defendant's argument that the enactment of the Detroit curfew ordinance as an emergency ordinance is preempted by the exclusive emergency powers granted to the Governor in MCL 10.31; MSA 3.4(1).

The ordinance involved here was passed by the Detroit City Council as an emergency ordinance on August 18, 1976, following the robbing and terrorizing by youths of patrons of a rock concert at Cobo Hall on August 15, 1976. In October, 1976, the curfew provisions were made permanent with only two minor changes. See Note: *Juvenile Curfew Ordinances and the Constitution,* 76 Mich L Rev 109 (1977), for the background of this ordinance.

Section 4-116 of the Detroit City Charter provides an expedited procedure for immediate enactment of an ordinance at the meeting in which it is introduced where a public emergency exists. The emergency ordinance is automatically repealed on the 61st day after its enactment, unless re-enacted. This procedure eliminates the usual waiting period between passage and enactment of an ordinance.

*Walsh v River Rouge,* 385 Mich 623; 189 NW2d 318 (1971), which holds that the emergency powers granted to the Governor by MCL 10.31; MSA 3.4(1) are exclusive, is not applicable here. In *Walsh,* the City Council passed an emergency curfew ordinance which purported to give to the Mayor the power to " 'proclaim a state of emergency, in the City of River Rouge whenever he is advised by the Chief of Police that a civil disturbance, riot or civil commotion is in progress * * * .' " 385 Mich at 626. At the same time the ordinance was passed, the Mayor reissued a proclamation which prohibited possession of firearms, ammunition, explosives, inflammable materials or liquids, or other dangerous weapons, within the city by any citizen except law officers; prohibited "unlawful traffic" within the city; created a 6 p.m. to 5 a.m. curfew when no person could be on the city streets except those proceeding to and from work or answering emergency calls or who had special permission; closed all liquor stores and prohibited the sale of alcoholic beverages; prohibited all assemblies of more than 5 persons "unless permission has been granted"; closed gas stations in the city except between the hours of 12 noon and 5 p.m.; and prohibited the sale of more than 5 gallons of gas to individuals with private automobiles.

Section 4-116 does not provide for the declaration of a state of emergency with all the attendant consequences as envisioned by MCL 10.31; MSA 3.4(1) and *Walsh.* Rather, it merely provides that an ordinance may be given immediate effect where an emergency situation requires it. Further support for this conclusion is found in the commentary to § 4-116 contained in "The Final Report Of The Detroit Charter Revision Commission", p 9, August 3, 1973 (reprinted with corrections Febru-

ary, 1974), in which the Commission specifically notes the limitations imposed by *Walsh* on a city's power to declare an emergency and impose emergency regulations.

Under MCL 722.754; MSA 28.342(4), a city may regulate by ordinance a curfew on minors. The provision of the Detroit City Charter which allows such an ordinance to be given immediate effect does not rise to the level of a declaration of a state of emergency as provided for in MCL 10.31; MSA 3.4(1). We therefore conclude that no preemption problem exists in the instant case.

Finally, we reject defendant's contention that the curfew ordinance permits the arrest of an individual without probable cause. Defendant confuses the concept of an investigatory stop with the concept of an arrest. Probable cause to arrest is not necessary for an investigatory stop. *People v Lillis,* 64 Mich App 64, 70; 235 NW2d 65 (1975).

We have carefully reviewed defendant's two remaining allegations of error and conclude that no reversible error occurred.

Affirmed.