PEOPLE v TERRELL

1. APPEAL AND ERROR—CRIMINAL LAW—SUPPRESSION OF EVIDENCE—
   CLEARLY ERRONEOUS RULINGS.

   The Court of Appeals will not overturn a ruling of a trial court at
   a hearing on a motion to suppress evidence unless that ruling
   is found to be clearly erroneous.

2. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—JUSTIFICATION FOR
   STOP—SCOPE OF SEARCH.

   A police officer's pursuit and arrest of a defendant whom the
   officer suspected of engaging in criminal activity is to be tested
   by the Fourth Amendment's general proscription against un-
   reasonable searches and seizures which requires inquiry as to:
   (1) whether the officer's action was justified at its inception, and
   (2) whether it was reasonably related in scope to the circum-
   stances which justified the interference in the first place (US
   Const, Am IV).

3. CRIMINAL LAW—PURSUIT OF DEFENDANT—FURTIVE GESTURES.

   A police officer was not justified in pursuing a defendant who
   allegedly was standing on a street corner and put his hand in
   his pocket and ran when the officer drove through the intersec-
   tion in a squad car where the officer had no specific knowledge
   regarding the defendant other than the furtive gestures.

4. SEARCHES AND SEIZURES—DRUGS AND NARCOTICS—EVIDENCE—IM-
   PERMISSIBLE SEIZURE—SUPPRESSION OF EVIDENCE.

   The seizure of an envelope containing a powder which a police
   officer suspected of being heroin, and which was dropped by a
   defendant upon being pursued and confronted by the officer,
   was impermissible where the initial pursuit of the defendant
   was not justified; a trial court properly granted the defendant's

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 166.
[2] 68 Am Jur 2d, Searches and Seizures § 2.
[3] 68 Am Jur 2d, Searches and Seizures § 58.
[4] 29 Am Jur 2d, Evidence § 425.
   Modern status of rule governing admissibility of evidence obtained
   by unlawful search and seizure. 50 ALR2d 531.

motion to suppress the evidence and dismiss the charges of possession of a controlled substance.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted June 21, 1977, at Detroit. (Docket No. 31051.) Decided August 23, 1977.

Joe C. Terrell was charged with knowingly or intentionally possessing a controlled substance. The trial court granted defendant's motion to suppress the evidence and dismiss the proceedings. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*I. Goodman Cohen (Charles E. Kovsky,* of counsel), for defendant.

Before: BEASLEY, P. J., and V. J. BRENNAN, and J. R. MCDONALD,* JJ.

V. J. BRENNAN, J. This is a prosecutor's appeal from an order granting defendant's motion to suppress the evidence and dismiss the proceedings.

Defendant Joe Conal Terrell was charged in the complaint and warrant with knowingly or intentionally possessing a controlled substance, 4.87 grams of powder containing heroin, contrary to MCLA 335.341(4)(a); MSA 18.1070(41) (4)(a). The charge against defendant arose out of the following facts. At 4:10 p.m. on May 4, 1976, Detroit Police Officer Michael Dwyer, driving an un-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

marked scout car, noticed the defendant standing at the corner of Fenkell and Dexter Avenues. Mr. Terrell testified he had been standing on the corner for ten minutes, talking with a friend while waiting for a cab. Mr. Terrell was aware that his friend had seen the police pass by approximately five minutes earlier, although the defendant himself had not seen them.

The facts from this point are in dispute. Mr. Terrell testified that he left the corner and walked to his friend's apartment building where he was to telephone for a cab, since the cab they were awaiting had not arrived. Mr. Terrell had been sent to place the call because his friend, who had only one leg, would have difficulty in reaching the second-floor apartment. As Mr. Terrell was about to knock on the apartment door, he was stopped by a police officer in plain clothes with a drawn gun.

At the suppression hearing, Mr. Terrell described an injury to his left leg suffered five years prior to the incident in question which had left him disabled in that he is unable to run without hopping.

According to Officer Dwyer, the defendant looked in his direction as Officer Dwyer drove through the intersection. The defendant then reached into his pocket and ran north on Dexter. Believing there could possibly be a gun in Mr. Terrell's pocket, Officer Dwyer exited his scout car and gave chase. Mr. Terrell ran into the apartment building and up to the second floor, where Officer Dwyer observed him pull his hand out of his pocket and drop a clear coin envelope containing a brown powdery substance. Officer Dwyer retrieved the envelope, which he thought might contain heroin, and arrested Mr. Terrell. The coin envelope and its contents were the subject of

defendant's motion to suppress. No gun was found on Mr. Terrell's person, along the trail defendant had taken, or in the apartment building at the site of the arrest.

On appeal, plaintiff contends the trial court erred in granting defendant's motion to suppress evidence and dismiss the proceedings. Plaintiff argues prior justification existed for the police officer's investigatory stop of defendant, so as to bring the officer's discovery and seizure of evidence within the "plain view" exception to the warrant requirement. US Const, Am IV, Mich Const 1963, art 1, § 11.

This Court will not overturn the trial court's ruling at a suppression hearing unless that ruling is found to be clearly erroneous. *People v Triplett,* 68 Mich App 531, 535; 243 NW2d 665 (1976); *lv den,* 397 Mich 842 (1976); *People v Bunker,* 22 Mich App 396, 404; 177 NW2d 644 (1970); *People v Smith,* 19 Mich App 359, 367–368; 172 NW2d 902 (1969). In the case at bar, the trial court's determination was soundly based on existing law, state and Federal.

The police officer's investigatory pursuit of defendant must be tested by the Fourth Amendment's general proscription against unreasonable searches and seizures. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). The inquiry demanded by *Terry* is a dual one:

"* * * whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v Ohio,* 392 US at 20.

A totality of facts and circumstances which could provide the officer with a reasonable belief that criminal activity may be afoot was simply lacking

in the instant case. *Terry v Ohio,* 392 US at 21–29; *People v Parisi,* 393 Mich 31, 34–37; 222 NW2d 757 (1974); *People v Lillis,* 64 Mich App 64, 68–72; 235 NW2d 65 (1975); *People v LaGrange,* 40 Mich App 342, 348–350; 198 NW2d 736 (1972).

Defendant's furtive gestures may have aroused the police officer's general suspicion, but without some additional specific knowledge on the part of the officer they were insufficient to justify an intrusion. *Sibron v New York,* 392 US 40; 88 S Ct 1889; 20 L Ed 2d 917 (1968); *People v Nelson Pitts,* 40 Mich App 567, 576–579; 199 NW2d 271 (1972), *lv den,* 388 Mich 791 (1972). Nor is the officer's conduct justified under the "hot pursuit" exception to the warrant clause. *Warden, Maryland Penitentiary v Hayden,* 387 US 294; 87 S Ct 1642; 18 L Ed 2d 782 (1967). In sum, the police officer's pursuit in the case at bar was not justified at its inception and was therefore an unlawful invasion of defendant's Fourth Amendment rights.

The initial intrusion being improper, the warrantless seizure of the coin envelope was impermissible under the "plain view" exception articulated in *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971). Since the officer was not in a place where he lawfully had a right to be, the seizure of evidence cannot be justified. *People v Tisi,* 384 Mich 214, 221; 180 NW2d 801 (1970); *People v Daniels,* 60 Mich App 458, 465; 231 NW2d 386 (1975). The decision below is affirmed.

Affirmed.