PEOPLE v ROBERTSON

Opinion of the Court

1. Appeal and Error—Criminal Law—Suppression of Evidence—
   Clearly Erroneous Rule.

   A trial court order granting a defendant's motion to suppress
   evidence will be affirmed by the Court of Appeals unless the
   trial court was clearly erroneous in granting the motion.

2. Searches and Seizures—Automobiles—Probable Cause—Guns—
   Suppression of Evidence.

   Suppression of a loaded pistol from evidence was erroneous where
   the pistol was seized under circumstances where the only
   sensible thing for a police officer was to determine if an object
   dropped in a hole in an automobile where a radio speaker had
   once been installed was a weapon that could be used against
   him or illegal contraband.

3. Searches and Seizures—Automobiles—Furtive Gestures—Sup-
   pression of Evidence.

   A furtive gesture in removing from a man's waistband and
   secreting a dark colored object, in a high crime area, in the
   early hours of the morning, after a lawful stop of an automo-
   bile, gave the police a reason to search and seize and a loaded
   pistol seized under such circumstances should not be sup-
   pressed from trial evidence.

4. Searches and Seizures—Evasive Actions—Furtive Gestures—
   Probable Cause—Limited Protective Search.

   Evasive action, such as an attempt to flee, coupled with furtive

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 602–605.

[2–4] 29 Am Jur 2d, Evidence § 425.

  68 Am Jur 2d, Searches and Seizures §§ 41–45, 62, 99.

[3, 4, 8] "Furtive" movement or gesture as justifying police search. 45
   ALR3d 581.

[5, 6, 8, 9] 68 Am Jur 2d, Searches and Seizures §§ 43–45, 99.

[5–9] Lawfulness of search of motor vehicle following arrest for traffic
   violation. 10 ALR3d 314.

[7] 68 Am Jur 2d, Searches and Seizures §§ 39, 40.

gestures, such as removing a dark colored object from a man's waistband and secreting it, is sufficient justification for an officer to conduct a limited protective search.

DISSENT BY D. E. HOLBROOK, JR., J.

5. SEARCHES AND SEIZURES—CRIMINAL LAW—AUTOMOBILES—WITHOUT WARRANT—PROBABLE CAUSE.

*There must be probable cause to believe that a felony has been or is being committed to justify the search of an automobile without a warrant.*

6. SEARCHES AND SEIZURES—CRIMINAL LAW—PROBABLE CAUSE—BURDEN OF PROOF—EXIGENT CIRCUMSTANCES.

*The burden is on the people to show the police acted with probable cause and in response to exigent circumstances, thus bringing the search under one of the specific exceptions to the warrant requirement before a search without a warrant can be sustained.*

7. SEARCHES AND SEIZURES—AUTOMOBILES—PROBABLE CAUSE—IRRELEVANT TRAFFIC VIOLATIONS.

*The fact that a driver committed several traffic violations is totally irrelevant to a determination of whether an officer has probable cause to search his automobile; the lawfulness of a traffic stop is not a factor in determining whether there was probable cause to search.*

8. SEARCHES AND SEIZURES—AUTOMOBILES—PROBABLE CAUSE—FURTIVE GESTURES—MERE SUSPICIONS—SPECIFIC KNOWLEDGE—JUSTIFICATION FOR SEARCH.

*A mere furtive gesture does not create probable cause to search an automobile; furtive gestures which raise a mere suspicion, without some additional specific knowledge on the part of an officer, are insufficient to justify a search without a warrant because mere suspicion is not probable cause.*

9. SEARCHES AND SEIZURES—PROTECTIVE SEARCHES—SUPPRESSION OF EVIDENCE—SAFETY OF OFFICERS.

*A search cannot be characterized as a "protective" search where there is no testimony that the officer knew what the object which was later seized was or that he feared for his safety; evidence is illegally seized and should be suppressed where the record is barren as to any fears which would justify an immediate protective search of an automobile.*

Appeal from Recorder's Court of Detroit, Susan D. Borman, J. Submitted November 3, 1977, at Detroit. (Docket No. 77-102.) Decided February 22, 1978.

Scott Robertson was charged with carrying a pistol in a motor vehicle. Defendant's motion to suppress evidence was granted. The people appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*John C. Mouradian,* for defendant.

Before: BEASLEY, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiff appeals from a trial court order granting defendant's motion to suppress evidence and dismiss the proceedings.

Defendant was charged with carrying a pistol in a motor vehicle, contrary to MCLA 750.227; MSA 28.424. The evidence presented below at the preliminary examination revealed circumstances under which a limited protective search was allowable.

The arresting officer testified that on September 29, 1976, at approximately 2 a.m., he and his partner were conducting a routine scout car patrol in the area of John R. and Erskine in the City of Detroit. He observed a green Maverick, in which defendant was a passenger, double-parked on Erskine. The occupant of the Maverick appeared to be

talking to two black males in a blue Thunderbird.
The officer turned his patrol car around to investi-
gate. Upon seeing the patrol car, apparently the
driver of the Maverick made a U-turn on Erskine
and sped away. The officer pursued the Maverick
at a speed of 45–50 miles-per-hour in a 25 mile-
per-hour zone, finally pulling the car over. The
driver of the car was unable to produce a driver's
license or car registration, whereupon she was
arrested for driving without a license.

Defendant was seated in the right rear passen-
ger's seat. As the driver exited the vehicle, the
officer observed defendant take a dark-colored ob-
ject from the right waistband of his pants. Defend-
ant placed the object in a hole, approximately four
inches in diameter, where a radio speaker had
once been installed. The officer then ordered de-
fendant and a front seat passenger out of the car.
He then proceeded to conduct a search of the car,
limited to the area of the rear seat where he had
observed defendant drop the object. The only ob-
ject found in the hole was a .32-caliber blue steel
automatic, which defendant did not have a permit
to carry. The pistol and a live round of ammuni-
tion were taken as evidence.

The trial court order suppressing the pistol will
be affirmed by this Court unless we find the trial
court to be clearly erroneous in granting defend-
ant's motion. *People v Terrell,* 77 Mich App 676,
679; 259 NW2d 187 (1977). We hold that the trial
court ruling was clearly erroneous. Under the
circumstances the only sensible thing for a police
officer was to determine if the object dropped in
the well hole was a weapon that could be used
against him or illegal contraband. A furtive ges-
ture in removing from the waistband and secreting
a dark colored object, in a high crime area, in the

early hours of the morning, after a lawful stop, should not result in suppression of a loaded pistol.

Furthermore, the defendant and his companions rapidly departed from the scene where they were first observed by the police, apparently upon seeing the police turn around and come in their direction. *Cf. People v Nelson Pitts,* 40 Mich App 567, 576; 199 NW2d 271 (1972), *lv den,* 388 Mich 791 (1972), *People v Evans,* 3 Mich App 1; 141 NW2d 668 (1966). This apparently evasive action, coupled with the furtive actions of defendant, is sufficient evidence to justify the limited protective search. Certainly, the facts and circumstances involved more than a mere furtive gesture on the part of defendant. See generally *People v Terrell, supra, People v Hall,* 40 Mich App 329, 337; 198 NW2d 762 (1972), *Pennsylvania v Mimms,* 434 US 106; 98 S Ct 330; 54 L Ed 2d 331 (1977).

The order to suppress the evidence is reversed and the proceedings against the defendant are reinstated.

Reversed.

Beasley, P. J., concurred.

D. E. Holbrook, Jr., J. *(dissenting).* In granting defendant's motion to suppress, the trial judge noted that the preliminary examination transcript revealed no testimony by the police officer that he had any idea what the "dark colored object" was nor any testimony that the officer feared for his safety. Under these circumstances there was no probable cause for a warrantless automobile search and the evidence should be suppressed.

To justify a warrantless automobile search, there must be probable cause to believe that a felony has been or is being committed. *People v Kuntze,* 371 Mich 419; 124 NW2d 269 (1963), *Peo-*

*ple v Strong,* 77 Mich App 281, 284; 258 NW2d 205 (1977), *People v Iverson,* 34 Mich App 519, 526; 191 NW2d 745 (1971). To sustain a warrantless search, the burden is on the people to show the police acted with probable cause and in response to exigent circumstances, thus bringing the search under one of the specific exceptions to the warrant requirement. *People v White,* 392 Mich 404, 410; 221 NW2d 357 (1974), *People v Strong, supra* at 285.

The fact that the driver committed several traffic violations is totally irrelevant to a determination of whether the officer had probable cause to search the automobile. *People v Ridgeway,* 74 Mich App 306, 312; 253 NW2d 743 (1977), *People v Strong, supra* at 285. The lawfulness of the traffic stop is not a factor in determining whether there was probable cause to search. *People v Nelson Pitts,* 40 Mich App 567, 571–572; 199 NW2d 271 (1972), *lv den* 388 Mich 791 (1972).

The only possible basis for the search, therefore, is the fact that the defendant dropped an unidentified dark colored object into a hole in the backseat area. Such a mere "furtive gesture" does not create probable cause to search an automobile. *People v Pitts, supra* at 576. In the instant case, as in *Pitts,* the officer had no reason to believe the occupants of the auto possessed any contraband. The defendant could have been hiding any number of things from the police. As in *Pitts,* the officer here had to infer that the defendant's actions were evasive and the officer had to infer the dark colored object was contraband. At most, the officer had a mere suspicion and mere suspicion is not probable cause. *People v Pitts, supra* at 579. Furtive gestures which raise a mere suspicion, without some additional specific knowledge on the part of

the officer, are insufficient to justify the warrantless search. *People v Terrell,* 77 Mich App 676, 680; 259 NW2d 187 (1977).

As noted above, the testimony of the police officer at the preliminary examination reveals he did not know what the object was. Further there was no testimony that the officer feared for his safety, so the search cannot be characterized, as the majority has done, as a "protective" search. If anything the placing of the pistol into a hole in the side of the car placed the officer in less danger than had the defendant kept the pistol in his waistband. I am aware of the potential dangers facing police officers in even routine traffic stops, *Pennsylvania v Mimms,* 434 US 106; 98 S Ct 330; 54 L Ed 2d 331 (1977), but here the record is barren as to any fears which would justify an immediate protective search of the auto.

I would affirm the trial court's suppression of the illegally seized evidence.