PEOPLE v WHITE

Docket No. 77-2905. Submitted March 21, 1978, at Detroit.—Decided
June 20, 1978. Leave to appeal applied for.

Louise White was charged with carrying a concealed weapon. The
Recorder's Court of Detroit, Susan D. Borman, J., found that
the revolver discovered by the arresting officer in the defend-
ant's purse, which was the basis for the prosecution, was
inadmissible in evidence because the officer's actions were
unreasonable, and dismissed the information. The people ap-
peal by leave granted. *Held:*

The action of the police officer in preventing the defendant
from placing her hand in her open purse was reasonable as a
protective act under the circumstances which existed at the
scene. The subsequent seizure of the revolver which the officer
saw in the open purse was therefore also reasonable, and the
defendant's motion to suppress the weapon as evidence should
not have been granted.

Reversed.

1. SEARCHES AND SEIZURES—REASONABLENESS—PUBLIC INTEREST—IN-
DIVIDUAL RIGHTS.

The reasonableness of an invasion of a citizens' personal security
depends on a balance between the public interest and the
individual's right to personal security free from arbitrary inter-
ference by law officers.

2. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—MOTION TO SUP-
PRESS.

The conclusion of a trial judge in ruling on a motion to suppress
evidence will be reversed only where it is clearly erroneous.

3. SEARCHES AND SEIZURES—REASONABLENESS—EVIDENCE—ADMISSIBIL-
ITY OF EVIDENCE.

A police officer did not act unreasonably in stopping a defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures §§ 2, 4.
[2] 5 Am Jur 2d, Appeal and Error § 601 *et seq.*
[3] 68 Am Jur 2d, Searches and Seizures §§ 92, 93.

from reaching into her open purse where under the circumstances the sensible thing for the officer to do was to see if the purse contained a weapon which could be used against him; therefore, the seizure of a revolver which the officer saw in the purse was also not unreasonable and the revolver was admissible into evidence where the defendant was charged with carrying a concealed weapon.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence, P. C.,* for defendant on appeal.

Before: D. C. RILEY, P. J., and T. M. BURNS and CYNAR, JJ.

PER CURIAM. The issue in this case is whether the handgun discovered in defendant's purse was discovered as the result of an unreasonable search and seizure and would, therefore, be inadmissible as evidence in a prosecution for carrying a concealed weapon. MCL 750.227; MSA 28.424. The trial court held that it would be and dismissed the information. We disagree and reverse.

The United States Supreme Court recently reaffirmed the basic principles involved in this case in *Pennsylvania v Mimms,* 434 US 106, 108–109; 98 S Ct 330; 54 L Ed 2d 331 (1977):

"The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.' *Terry v Ohio,* 392 US 1, 19; 88 S Ct 1868; 20 L Ed 2d 889 (1968). Reasonableness, of course, depends 'on a balance between the public

interest and the individual's right to personal security free from arbitrary interference by law officers.' *United States v Brignoni-Ponce,* 422 US 873, 878; 95 S Ct 2574; 45 L Ed 2d 607 (1975)."

The trial court decided defendant's motion to suppress on the basis of the testimony taken at the preliminary examination. Only the arresting officer testified at that hearing. That testimony presented an unusual situation in that when the police-citizen contact was initiated defendant was not involved.

The officer testified that he and his partner were on routine patrol at 3:15 p.m. in a marked patrol car. When they passed a market at Mack and Bewick, they noticed people interfering with individuals walking on the sidewalk and interfering with people entering and exiting the market. There had been complaints about this conduct in the past. They circled the block and parked in the parking lot of the market.

The officers approached on foot and as they did, two males immediately entered a vehicle. One of the officers asked that they get out of the car and was talking to them at the time the events which led to this prosecution occurred.

Defendant had been sitting on the passenger side of the same car. She was not requested to exit the car, but did so on her own. She approached the officer with an open purse in her left hand. When defendant was two or three feet from the officer she "put her right hand up towards the top of the purse as if to go into the purse". Defendant was told not to go into her purse and when she did not stop, the officer grabbed her hand. At that point the officer could see the .32-calibre, six shot, blue steel revolver upon which this prosecution is based.

The trial judge suppressed the pistol because she concluded the officer acted unreasonably in stopping defendant from going into her purse. We will reverse that conclusion only if it is clearly erroneous. *People v Terrell,* 77 Mich App 676; 259 NW2d 187 (1977). In this case, we are convinced that a mistake has been made. Under the circumstances the only "sensible thing" for the police officer to do was to see if the purse contained a weapon which could be used against him. See, *People v Robertson,* 81 Mich App 446; 265 NW2d 365 (1978).

The decision to order the two males out of the car is not a question here. Defendant has no standing to raise it. She was not ordered out of the car, but rather, voluntarily injected her presence into this affair. As the circumstances developed, stopping her hand from entering her purse must be considered a protective act, justified under *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). The officer was not required to allow defendant access to the purse without first checking the contents. *People v Ridgeway,* 74 Mich App 306; 253 NW2d 743 (1977), *lv den,* 401 Mich 831 (1977). Since the officer's actions up to that point were reasonable, the subsequent seizure of the weapon after it came into his view in the open purse was not unreasonable.

The order to suppress the evidence is reversed and the proceedings against the defendant are reinstated.

Reversed.