PEOPLE v CAVITT

Docket No. 77-1775. Submitted April 12, 1978, at Detroit.—Decided
    September 21, 1978. Leave to appeal applied for.

Clyde Cavitt was charged with possession of a controlled sub-
    stance. Recorder's Court of Detroit, Samuel C. Gardner, J.,
    issued a pretrial order suppressing narcotic evidence seized
    from the person of the defendant and quashing the informa-
    tion. The people appeal by leave granted. *Held:*

Where defendant was arrested for a minor motor vehicle
    offense and a pat down search did not give the officer reason to
    believe that defendant was armed with a dangerous weapon
    that could be turned against him, no further search should
    have been conducted until defendant was taken before a magis-
    trate or given the opportunity to post bail; any evidence seized
    from the defendant was properly suppressed as the product of
    an unreasonable search and seizure.

Affirmed.

BASHARA, J., dissented. He would hold that police officers
    have the right to search the persons of defendants following a
    lawful arrest; the search was within the bounds of the Fourth
    Amendment, was legitimate police enforcement technique, and
    any evidence obtained was lawfully taken and admissible at
    trial.

OPINION OF THE COURT

1. SEARCHES AND SEIZURES—ARREST—WEAPONS—EVIDENCE—SUPPRES-
    SION OF EVIDENCE—MAGISTRATES—BAIL.

Evidence seized from the person of a defendant should be sup-
    pressed as the product of an unreasonable search and seizure
    where defendant was arrested for a minor motor vehicle offense
    and a pat down search did not give the officer reason to believe
    that defendant was armed with a weapon that could be turned

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures § 39.
    Lawfulness of search of motor vehicle following arrest for traffic
    violation. 10 ALR3d 314.
[2, 3] 68 Am Jur 2d, Searches and Seizures §§ 37, 92, 93.

against him; where there is no reason to believe that a defendant is armed with a dangerous weapon, no further search may occur until defendant is taken before a magistrate or given the opportunity to post bail.

DISSENT BY BASHARA, J.

2. SEARCHES AND SEIZURES—ARREST—EVIDENCE—ADMISSIBILITY.

*Police officers have the right to search the person of a defendant following a lawful arrest and any evidence obtained during the search is lawfully taken and is admissible at trial.*

3. SEARCHES AND SEIZURES—ARREST—CONSTITUTIONAL LAW—POLICE TECHNIQUES.

*The right to search incident to a lawful arrest is within the bounds of the Fourth Amendment and is a legitimate police enforcement technique.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

Before: T. M. BURNS, P.J., and N.J. KAUFMAN and BASHARA, JJ.

PER CURIAM. The prosecution appeals from a pretrial order suppressing evidence seized from the person of the defendant and quashing the information charging defendant with possession of a controlled substance, methamphetamine. MCL 335.341(4)(b); MSA 18.1070(41)(4)(b). We affirm.

During the evening of September 9, 1976, two uniformed Detroit police officers were patrolling the area near the Greyhound bus terminal on foot. One of the officers noticed an individual, later identified as the defendant, park an automobile in a no-standing zone near the terminal. The officer wrote out a parking ticket but did not place it on the windshield. The officers waited for defendant

to return so that the ticket could be "personally served".

When defendant returned to the car he could not produce either a driver's license or the registration for the automobile. He was then placed under arrest for driving without an operator's permit in his possession. MCL 257.311; MSA 9.2011. After the arrest for this traffic offense, one of the officers conducted a pat down search "for offensive weapons". No weapon was found, but the officer did feel two pill bottles which contained the drugs upon which this prosecution is based.

The motion to suppress was decided on the basis of the preliminary exam transcript. The officer testified at that hearing that he was searching for offensive weapons when the drugs were discovered. On cross-examination regarding the objects in defendant's pocket and sock, the officer testified:

"Q Would you describe that container?
"A A prescription container.
"Q Was it circular?
"A Circular.
"Q About how tall?
"A Maybe two, three inches.
"Q About how wide?
"A Maybe a half inch diameter.
"Q And what weapon did you think that was?
"A I had no idea."

The trial court granted the motion to suppress because it felt the officer could not have believed that the pill container felt like a weapon. The court relied upon *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974), in ruling that since there was no reason to suspect that defendant was armed, the search should not have occurred until

defendant was given the opportunity to post bail under the interim bail statute.

*Dixon* is not strictly applicable to these facts since the discovery of narcotics in that case occurred during a search at the station house. An earlier search at the scene had revealed that defendant was not armed. The court analyzed the problem as an inventory rather than an incident to an arrest search. However, the rationale of *Dixon* does apply to this case.

In *People v Garcia,* 81 Mich App 260; 265 NW2d 115 (1978), the panel was faced with a problem factually similar to that presented here. After an extended analysis, the majority concluded that when a person is arrested for a minor motor vehicle offense and a pat down search does not give the officer reason to believe that the person is armed with a weapon that can be turned against him, no further search may occur until the individual is taken before a magistrate or given the opportunity to post bail.

We agree with the analysis and holding of *Garcia.* The trial court properly suppressed the drugs taken from the defendant in this case as the product of an unreasonable search and seizure. Since there was no reason to believe that defendant was armed with an offensive weapon, the officer acted unreasonably in seizing the pill containers.

Affirmed.

BASHARA, J. *(dissenting).* I respectfully dissent. The majority relies on the reasoning of *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974), in determining that the drugs found in the defendant's possession were the result of an unreasonable search. The purpose of the *Dixon* rule, however, was to enforce the misdemeanant's right to

post bond prior to incarceration. It did not address the question of the admissibility of evidence obtained pursuant to an on the scene search where a defendant, as here, was lawfully detained.

The United States Supreme Court has recently held a search incident to a custodial arrest for a traffic offense valid in *United States v Robinson,* 414 US 218; 94 S Ct 467; 38 L Ed 2d 427 (1973), and *Gustafson v Florida,* 414 US 260; 94 S Ct 488; 38 L Ed 2d 456 (1973). The Michigan Supreme Court has followed the mandates of *Robinson* and *Gustafson* in *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

Our Court has done likewise. In *People v Kremko,* 52 Mich App 565, 569–570; 218 NW2d 112 (1974), *lv den* 392 Mich 797 (1974), we said:

"At the time the defendants were personally searched they had been placed under arrest by officer Phillips. *This gave the police officers the right to search the persons of the defendants and any evidence so obtained was lawfully taken and properly admitted at defendants' trial.* This search was reasonable and within the permissible limits of the Fourth Amendment. *United States v Robinson,* 414 US 218; 94 S Ct 467; 38 L Ed 2d 427 (1973); *Gustafson v Florida,* 414 US 260; 94 S Ct 488, 38 L Ed 2d 456 (1973)."

The majority also relies on *People v Garcia,* 81 Mich App 260; 265 NW2d 115 (1978). It should be noted that the decision in the *Garcia* case was not unanimous. I respectfully decline to follow the reasoning of the majority and would instead concur in the dissent written by Judge GILLIS. The right to search incident to a lawful arrest is within the bounds of the Fourth Amendment and is a legitimate police enforcement technique.

I would reverse.