PEOPLE v GOSS

Docket No. 78-2119. Submitted January 17, 1979, at Detroit.—Decided
    April 17, 1979.

   Herbert Goss was arrested when his companion was stopped on
   suspicion of being in violation of Detroit's curfew ordinance.
   When the police approached, Goss reached toward his waist-
   band and a gun fell to the ground. Goss was charged with
   carrying a concealed weapon. Before trial he moved to suppress
   the evidence and to quash the information. The Recorder's
   Court of Detroit, George W. Crockett, Jr., J., granted the
   defendant's motion and the people appeal. *Held:*

       The trial court erred in its determination that the initial stop
   of defendant was unlawful and the evidence, therefore, unlaw-
   fully seized. There is no indication in the record that the
   defendant was ever requested by the police to stop. Rather,
   they asked his companion to stop to question her about her age.
   Therefore, the defendant has no standing to question the
   validity of the stop. When the defendant reached into his
   waistband the police thought he was reaching for a gun and
   ordered him to freeze. The police actions up to that point were
   justified; therefore, the seizure of the gun when it dropped was
   not unreasonable.

       Reversed.

1. CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE — CLEAR
   ERROR.

   A trial court's order to suppress evidence and dismiss the charges
       against a criminal defendant is reviewed using a standard of
       whether the finding is "clearly erroneous".

2. APPEAL AND ERROR — STANDARD OF REVIEW — CLEAR ERROR.

   A trial court's finding is "clearly erroneous" where, although
       there is evidence to support the finding, the reviewing court, on

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 839–841.
[2] 4 Am Jur 2d, Appeal and Error §§ 839–841.
   76 Am Jur 2d, Trial § 1242.

the entire evidence, is left with a firm conviction that a mistake has been made.

3. SEARCHES AND SEIZURES — ARREST — VALID STOP — STANDING TO QUESTION.

A defendant, charged with carrying a concealed weapon after he dropped a gun from his waistband when confronted by police, has no standing to question the validity of the initial stop where the police requested the defendant's companion to stop upon suspicion of the companion being in violation of a curfew ordinance; the police ordered defendant to freeze when he reached under his coat and the gun then dropped to the ground, and because the police officers' actions were reasonable up to that point, the seizure of the gun was not unreasonable.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Jay S. Kalish,* Legal Aid and Defender Association of Detroit, for defendant on appeal.

Before: D. C. RILEY, P.J., and J. H. GILLIS and MACKENZIE, JJ.

J. H. GILLIS, J. Defendant was charged with carrying a concealed weapon. MCL 750.227; MSA 28.424. After he was bound over for trial defendant brought a motion to suppress evidence and quash the information. The trial court granted defendant's motion and the prosecutor appealed. In an unpublished per curiam opinion this Court remanded the case for additional findings. Docket No. 77-1139 (released March 9, 1978). The trial court carried out these instructions in an order dated April 25, 1978. The people now appeal from that order.

The parties stipulated that the factual basis for determination of the motion was contained in the preliminary examination transcript. That evidence

was provided by the arresting officer's testimony. He stated that at approximately 1:30 a.m. on November 12, 1976, he and his partner spotted defendant and a female companion walking along Mack Avenue in the City of Detroit. According to the officer the female "appeared young looking". Suspecting the woman was in violation of Detroit's curfew ordinance, the officers pulled their car to the curb and, in the officer's words, "told the female to stop". At that point defendant made a movement toward his waistband, prompting the officers to draw their weapons and order him to freeze. As defendant stopped, a gun fell out of his coat. He was arrested on the instant charge and the two persons were transported to the station. There it was discovered that the woman was 19 years old and she was released.

The trial court based its order on two distinct grounds. First, the court found the officer's testimony that he was investigating a curfew violation to be "inherently incredible" under the factual situation presented. The trial court pointed out that the female was 19 years old and accompanied by the defendant, an adult, and the officer should have been mindful of the exemption from the curfew ordinance for "a minor accompanied by * * * other adult person having the care or custody of the minor". Detroit Municipal Code, ch 36, art 3. The court, therefore, concluded that the stop was not justified under *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

The trial court went on to rule that even if the witness were believed, the Detroit curfew ordinance is unconstitutional. Hence, the stop was unsanctioned and the evidence was obtained as a direct result of a violation of defendant's constitutional rights.

In reviewing a trial court's order to suppress evidence and dismiss the charges, this Court applies a "clearly erroneous" standard. *People v Ulrich,* 83 Mich App 19; 268 NW2d 269 (1978), *People v Robertson,* 81 Mich App 446; 265 NW2d 365 (1978), *People v Terrell,* 77 Mich App 676; 259 NW2d 187 (1977). A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been made. *People v Hummel,* 19 Mich App 266, 270; 172 NW2d 550 (1969).

In this case we are convinced that a mistake has been made. The trial court's decision to suppress the gun was based on its determination that the initial stop was unlawful.

In *People v White,* 84 Mich App 351; 269 NW2d 598 (1978), two officers asked two males to get out of a car. The defendant, a female, had been sitting on the passenger side of the car. She was not requested to exit the car, but did so on her own. As she approached one of the officers, she reached as if to go into her purse. She was told not to go into the purse and when she did not stop the officer grabbed her hand. At that point he saw a revolver in the purse. In reversing the trial court's order suppressing the evidence, this Court stated:

"The decision to order the two males out of the car is not a question here. Defendant has no standing to raise it. She was not ordered out of the car, but rather, voluntarily injected her presence into this affair. As the circumstances developed, stopping her hand from entering her purse must be considered a protective act, justified under *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). The officer was not required to allow defendant access to the purse without first checking the contents. *People v Ridgeway,* 74 Mich App 306; 253 NW2d 743 (1977), *lv den,* 401 Mich 831 (1977). Since

the officer's actions up to that point were reasonable, the subsequent seizure of the weapon after it came into his view in the open purse was not unreasonable." 84 Mich App at 354.

In the instant case, the arresting officer testified, "We told the female to stop" and "We asked her to stop and show age and identification". There is no indication that defendant was ordered to stop. Hence, we conclude that defendant has no standing to question the validity of the initial stop.

When defendant reached into his waistband under his coat the officers thought he was going for a gun and ordered him to freeze. As in *White, supra,* the officers' actions at this point were justified under *Terry v Ohio, supra.* Since the officers' actions were reasonable at this point, the seizure of the gun after defendant dropped it was not unreasonable.

The order to suppress the evidence is reversed and the proceedings against defendant are reinstated.

Reversed.