PEOPLE v LeBEUF

Docket No. 78-3910. Submitted June 14, 1979, at Detroit.—Decided
     November 5, 1979.

     Robert A. LeBeuf was charged with possession of phencyclidine.
     The Wayne Circuit Court, Charles S. Farmer, J., granted defen-
     dant's motion to suppress the evidence and to quash the infor-
     mation. The evidence suppressed was a quantity of pills seized
     from defendant during a pat-down search conducted when the
     defendant was arrested for a traffic violation. The people appeal
     by leave granted. *Held:*

     The facts indicate that the drugs were discovered by the
     police during a search incident to a full custodial arrest for a
     traffic offense. The search was valid; therefore, the trial court
     erred in suppressing the evidence and quashing the informa-
     tion.

     Reversed and remanded.

     BEASLEY, J., dissented. He would affirm because he would not
     find the trial court's decision to be clearly erroneous.

OPINION OF THE COURT

1. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — EVIDENCE.

     A police officer who has arrested a suspect may search the
     suspect for weapons; a quantity of drugs discovered during such
     a search is not the result of an unreasonable search and seizure
     and may be admitted into evidence.

DISSENT BY BEASLEY, J.

2. APPEAL AND ERROR — CLEAR ERROR — STANDARD OF REVIEW.

     *The Court of Appeals applies a standard of "clearly erroneous"*
     *when reviewing a trial court's order to suppress evidence and*
     *dismiss charges; a finding is "clearly erroneous" where, al-*
     *though there is evidence to support the finding, the reviewing*
     *court, on the entire evidence, is left with a firm conviction that*

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures §§ 92, 93.
[2] 5 Am Jur 2d, Appeal and Error § 880.

*a mistake has been made, and in the absence of clear error, the trial court's decision should be affirmed.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Colista, Green, Green & Adams* (by *Richard C. Kaufman),* for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

J. H. GILLIS, P.J. Defendant was charged with possession of 20 purple tablets containing phencyclidine in violation of the Controlled Substances Act, MCL 335.341(4)(b); MSA 18.1070(41)(4)(b).

After preliminary examination, defendant was bound over for trial on the charge. Defendant filed a written motion to suppress the evidence and to quash the information, which was granted after oral argument.

The prosecution appeals, and the matter is before this Court on grant of the application for delayed appeal.

The facts are that on June 10, 1977, at approximately 8 p.m., two officers, driving a marked patrol vehicle, observed an automobile approaching from the opposite direction. The approaching vehicle had a damaged windshield, with cracks apparently obscuring the driver's vision. The vehicle was pulled over for this traffic ordinance violation.

Upon approaching the vehicle, one of the officers observed two half quart beer cans lying on the floor of the car, one in front of the passenger and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

one in front of defendant driver. Each can was open. The officer asked the men to hand him the cans, which they did. He discovered the cans were half full of beer and ordered the occupants out of the vehicle and placed them under arrest for transporting open intoxicants in a vehicle.

After conducting a pat-down search for weapons, the officer felt an object in defendant's right front pocket. He removed the object, which was a plastic container labeled "Vanquish". The officer found some 20 purple capsules within it. Knowing that Vanquish capsules are white, the officer placed defendant under arrest and delivered the capsules to the narcotics laboratory where they were determined to be phencyclidine, a schedule 3 controlled substance,      MCL      335.318(1)(b);      MSA 18.1070(18)(1)(b), the possession of which constitutes a 2-year felony by virtue of the above-cited statute.

As indicated, the trial judge granted defendant's motion to suppress the evidence and quash the information, finding the officer's action to constitute an unreasonable search and seizure. We disagree and reverse.

The facts in the instant case disclose a search incident to a full custodial arrest for a traffic offense. The right to search incident to a lawful arrest is within the bounds of the Fourth Amendment. The search conducted in the instant matter was a valid exercise of that right. See *People v Garcia,* 81 Mich App 260, 273-278; 265 NW2d 115 (1978), (J. H. GILLIS, J. dissenting), *People v Cavitt,* 86 Mich App 59, 62-63; 272 NW2d 196 (1978), (BASHARA, J., dissenting).

Reversed and remanded for trial.

R. M. RANSOM, J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent.

I accept the correctness of the recitals of fact contained in the majority opinion.

In reviewing a trial court's order to suppress evidence and dismiss the charges, this Court applies a "clearly erroneous" standard.[1] A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been made.[2]

In this case, I do not find the trial court's analysis and findings in conflict with the decisions of this Court in *People v Garcia,*[3] *People v Cavitt,*[4] or *People v Strong.*[5] While recognizing that, like the three cited cases, this is also a close case, I would not find the trial court's decision clearly erroneous. Consequently, I would affirm.

[1] *People v Goss,* 89 Mich 598; 280 NW2d 608 (1979), *People v Ulrich,* 83 Mich App 19; 268 NW2d 269 (1978), *People v Robertson,* 81 Mich App 446; 265 NW2d 365 (1978), *People v Terrell,* 77 Mich App 676; 259 NW2d 187 (1977).

[2] *People v Goss, supra, People v Hummel,* 19 Mich App 266, 270; 172 NW2d 550 (1969).

[3] 81 Mich App 260; 265 NW2d 115 (1978).

[4] 86 Mich App 59; 272 NW2d 196 (1979).

[5] 77 Mich App 281; 258 NW2d 205 (1977).