## PEOPLE v HOLLOWAY

Docket No. 78-473. Submitted May 6, 1980, at Grand Rapids.—Decided June 18, 1980.

Defendant, Charles E. Holloway, was arrested on a traffic warrant for driving with a suspended license. When he stopped his vehicle, the arresting officers saw two opened film canisters on the seat between defendant's legs. One of the canisters contained a brown powder. The officers, who were working as part of a special unit investigating narcotic cases, knew defendant and had spoken with him on several occasions. On this occasion, defendant did not speak but continuously moved his mouth in a chewing motion. When requested to open his mouth defendant refused. The officers then forced defendant's mouth open and removed partly chewed tinfoil packets containing heroin and cocaine. Defendant was convicted of possession of both heroin and cocaine in the Calhoun Circuit Court, Paul Nicolich, J. Defendant appeals. *Held:*

1. Under the circumstances, the arresting officers had probable cause to believe that a crime had been committed and that a search would produce evidence of that crime. Further, the search was not invalid as being incident to a "pretext" arrest. The evidence was properly admitted against defendant.

2. The trial court erred in refusing to instruct the jury on the offense of attempted use of cocaine while instructing on the offense of use of cocaine. However, the error is not reversible.

Affirmed.

APPEAL — EVIDENCE — ADMISSIBILITY.

A trial court's determination on the admissibility of evidence will only be reversed where clearly erroneous.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *John H. MacFarlane,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
[1] 5 Am Jur 2d, Appeal and Error § 881.

*James R. Neuhard* and *Karla Kendall,* State Appellate Defenders, for defendant on appeal.

Before: R. B. BURNS, P.J., and J. H. GILLIS and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted by a jury of possession of heroin, MCL 335.341(4)(a); MSA 18.1070(41)(4)(a), and possession of cocaine, MCL 335.341(4)(b); MSA 18.1070(41)(4)(b). On appeal, defendant maintains that the trial court committed reversible error in failing to suppress evidence that was seized at the time of defendant's arrest on a traffic offense.

Defendant was arrested on a traffic warrant for driving with a suspended license. When he stopped his vehicle, the arresting officers saw two opened film canisters on the seat between defendant's legs. One of the canisters contained a brown powder. The officers, who were working as part of a special unit investigating narcotic cases, knew defendant and had spoken with him on several occasions. On this occasion, defendant did not speak but continuously moved his mouth in a chewing motion. When requested to open his mouth defendant refused. The officers then forced defendant's mouth open and removed partly chewed tinfoil packets containing heroin and cocaine.

Defendant asserts that the search of his mouth was made without probable cause. In this Court, a trial court's determination of whether evidence is admissible, after a suppression hearing has been held, is reversed only where it is clearly erroneous. *People v White,* 84 Mich App 351, 354; 269 NW2d 598 (1978), *People v Ulrich,* 83 Mich App 19; 268 NW2d 269 (1978). Under the circumstances of this case we find that the arresting officers had probable cause to believe that a crime had been commit-

ted and probable cause to believe that a search would produce evidence of that crime.

We further reject defendant's assertion that the search was invalid because it was incident to a "pretext" arrest. The officers' arrest of defendant for driving with a suspended license was properly made on a valid warrant.

Defendant's final contention is that the trial court erred in refusing to instruct on the offense of attempted use of cocaine though the court did instruct the jury on the offense of use of cocaine. We agree. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). Because a conviction for possession of cocaine carries only a two-year maximum sentence, it was error for the trial court to fail to instruct on the offense of attempted use even though the attempt offense carries a maximum penalty of less than one year. *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975).

In the present case, we find that the failure to instruct on the offense of attempted use of cocaine did not constitute reversible error. *People v Herbert Ross,* 73 Mich App 588; 252 NW2d 526 (1977).

Affirmed.