PEOPLE v MATHEWS

Docket No. 54424. Submitted June 23, 1981, at Detroit.—Decided
September 8, 1981.

Lawrence Mathews was charged with possession of heroin. Fol-
lowing a preliminary examination at which the magistrate
rejected defendant's challenge of his investigatory stop by the
police, he was bound over for trial. He subsequently moved to
suppress certain evidence in the trial court which motion was
granted, and the charge was dismissed. Detroit Recorder's
Court, Clarence Laster, J. The people appeal, alleging that the
trial court erred in ruling that the investigatory stop of the
defendant's car was improper and in suppressing evidence
seized as a result of the stop. *Held:*

The trial court erred in substituting its judgment for that of
the examining magistrate. The findings of the magistrate were
not so erroneous as to constitute an abuse of discretion, and no
further facts were developed at the suppression hearing.

Reversed and Remanded.

1. APPEAL — CRIMINAL LAW — SUPPRESSION OF EVIDENCE — MOTIONS.

The determination of a trial court on a motion to suppress
certain evidence will be reversed on appeal only where it is
clearly erroneous.

2. SEARCHES AND SEIZURES — INVESTIGATORY STOPS — AUTOMOBILES.

An investigatory stop of an automobile may be made by a police
officer where, on the basis of specific, articulable facts, the
officer involved has a reasonable suspicion of the possibility of
criminal activity.

3. CRIMINAL LAW — PRELIMINARY EXAMINATION — APPEAL.

A trial court, in reviewing a decision by a magistrate to bind over
an accused person for trial, may not substitute its judgment for
the magistrate's, and it may reverse the magistrate's decision

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 517, 518.

[2] 68 Am Jur 2d, Searches and Seizures §§ 45, 99.

[3] 21 Am Jur 2d, Criminal Law §§ 418, 428.

[4] 29 Am Jur 2d, Evidence §§ 425, 426.

only where it appears on the record that there has been an abuse of discretion.

4. SEARCHES AND SEIZURES — SUPPRESSION OF EVIDENCE — MOTIONS.

A trial court must not place exclusive reliance on a preliminary examination transcript in determining the legality of a contested search or seizure but must conduct a full evidentiary hearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Cohn & Murphy,* for defendant.

Before: J. H. GILLIS, P.J., and BASHARA and K. N. SANBORN,* JJ.

PER CURIAM. Defendant was charged with knowingly or intentionally possessing a controlled substance (heroin), MCL 333.7403(2)(a); MSA 14.15(7403)(2)(a). Following preliminary examination, defendant was bound over for trial on that charge, the magistrate rejecting defendant's claim regarding an illegal stop by police. Subsequently, defendant filed a motion to suppress evidence seized by police at the time he was stopped. The motion was heard by the trial court and, following argument of counsel, the trial court granted defendant's motion and dismissed the charge against him.

The people argue on appeal that the trial court erred in ruling that the stop of defendant's car was improper and that the seizure of evidence pursuant to the stop must be suppressed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The trial court ruled on defendant's motion as follows:

"*The Court:* That might be a good case for Michigan Court of Appeals to make a decision on. I frankly believe that the involuntary abandonment is akin to illegal search and seizure. That's the court's belief. I feel that that is a better view of law that's following the State of New York.

"As I say, where the police chase, or attempt to arrest a person have no basis and factor doing so in law, or no probable cause to make the arrest, the person seized, the place, abandoned property is not voluntary; it's involuntary.

"Of course, the state held that those kind of searches or seizures rather are unconstitutional. I believe that's a better view of the law. I'll give the prosecuting attorney a chance to appeal it. I grant your motion. Dismissed."

We review the merits of the trial court's ruling on the motion to suppress the evidence to determine whether it was clearly erroneous. *People v White,* 84 Mich App 351; 269 NW2d 598 (1978), *People v Robertson,* 81 Mich App 446; 265 NW2d 365 (1978).

The standard for determining whether an investigatory stop is valid is well documented. In *People v Martin,* 99 Mich App 570, 574-576; 297 NW2d 718 (1980), the dimensions of such an inquiry, with respect to the stop of an automobile, were set out in detail by the Court:

"On appeal, defendant contends that the initial stop of his vehicle violated his right to be free of unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution. If every such stop had to be predicated upon probable cause, we would agree with defendant and reverse his conviction. However, the Supreme Court in *Terry v Ohio,* 392 US

1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), held that when an officer observes unusual conduct which leads him to reasonably conclude, in light of his experience, that criminal activity may be taking place, he may make an initial investigatory stop of the suspect. The Supreme Court in *Adams v Williams,* 407 US 143, 145; 92 S Ct 1921; 32 L Ed 2d 612 (1972), expanded upon the principle that an investigatory stop may take place with less than probable cause. The Supreme Court stated:

" 'The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response.'

"The requirements for an investigatory stop of an automobile were outlined by Michigan's Supreme Court in *People v Whalen,* 390 Mich 672, 682; 213 NW2d 116 (1973). The Supreme Court adopted the following four rules:

" '1. Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.

" '2. Said reasonableness will be determined from the facts and circumstances of each case.

" '3. Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved.

" '4. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police.'

"The rules adopted by the Supreme Court must, of their nature, be applied on a case-by-case basis. *People v Lillis,* 64 Mich App 64; 235 NW2d 65 (1975). Reasonableness of the stop is judged on an objective standard which hinges upon whether specific, articulable facts, together with rational inferences from those facts, reasonably warrant the stop. *Lillis, supra, People v Hunter,* 72 Mich App 191; 249 NW2d 351 (1976)."

Simply put, the question is whether the stop of defendant's car was valid under these standards. In *Martin, supra,* 576-577, the Court carefully reviewed a number of automobile stop cases. The nub of these decisions is that a stop may be made where, on the basis of specific, articulable facts, the officers involved have a reasonable suspicion of the possibility of criminal activity, such that they may stop an individual to maintain briefly the status quo, to determine a person's identity, or to obtain information on crimes. Also, see *People v Hunter,* 72 Mich App 191, 199; 249 NW2d 351 (1976), *People v Grimmett,* 97 Mich App 212, 215; 293 NW2d 768 (1980).

In the case at bar, the trial court relied upon the preliminary examination transcript in holding that the stop was unreasonable. There were two police officers in the unmarked car which stopped defendant. As they were getting out of their car, they observed a vial fly from the window. Defendant was the only person in the car. They arrested defendant and picked up the vial which contained heroin.

One officer testified as follows concerning the stop of defendant's vehicle:

"My partner and I were on surveillance and I believe the address was 6009 Copeland. We had instructions from Sergeant Michelak to stop any car that exited or left that dwelling or any person as an undercover officer purchased narcotics in the abode at that address and the defendant exited the house.

\* \* \*

"An undercover officer was involved in a narcotics purchase at that address and our purposes was to try to retrieve any secret service funds or anything like that leaving the premises."

The second officer offered the following facts as justification for the stop:

"At the time my partner and myself, Richard Olejnik, we were positioned outside the dwelling. At that time I was informed by my supervisor and sergeant, Robert Michelak, I was outside the vehicle at the time and I had a prep radio, that they were in the process of executing a narcotics search warrant for that dwelling and they were approximately three blocks away. At this time they told us that there was a possibility that the dealer that had sold the under cover [sic] officer the heroin would be leaving the dwelling and he ordered us to stop any persons leaving that dwelling."

He further stated that he was informed that the narcotics purchase had occurred only minutes earlier.

The issue is close. In *People v Talley,* 410 Mich 378; 301 NW2d 809 (1981), the Supreme Court specifically disapproved of the practice of relying solely on the preliminary examination transcript to conduct suppression hearings in the trial court. While the foregoing mandate in *Talley* was not made retroactive, the Court did discuss the scope of the trial court's review of an examining magistrate's decision thoroughly:

"In reviewing the decision of a magistrate to bind over an accused person, the trial court may not properly substitute its judgment for that of the magistrate, but may reverse a magistrate's decision only if it appears on the record that there has been an abuse of discretion. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 121; 215 NW2d 145 (1974); *People v Dellabonda,* 265 Mich 486, 491; 251 NW 594 (1934). In *Dellabonda,* this Court stated:

" 'Primarily the question of probable cause is for the consideration of and determination by the examining magistrate. This Court may not agree with the findings

of such magistrate but it has no right to substitute its judgment for his except in case of a clear abuse of discretion.' " *Id.,* 385-386.

We conclude that, in the instant case, the findings of the examining magistrate were not so erroneous as to constitute an abuse of discretion. There having been no further facts developed at the suppression hearing before the trial judge, we find that the trial court improperly substituted its judgment for that of the examining magistrate.

Reversed and remanded for trial.