[No. 25163-5-I.   Division One.   April 8, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. XAVIER
TONEY, *Appellant.*

*Deborah Whipple* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Rod Scarr,
Deputy,* for respondent.

PEKELIS, J.—Xavier Toney, a juvenile, appeals from the trial court's denial of his motion to suppress evidence seized by the police. Toney contends that the police conduct of following him first in their patrol car and then later on foot constitutes a seizure for which reasonable suspicion was lacking. We affirm.

I

On March 19, 1989, at around 1:30 p.m., Seattle Police Officers Dallas Murry and Michael James Magee were on routine patrol in the Rainier Vista housing development when they observed a group of 6 to 8 young males standing next to an apartment building. According to Magee, this is an area with a high incidence of residential burglaries and narcotic activity.

Upon seeing the officers, the group split up with the majority running northbound through the housing development. Murry and Magee followed the group in their patrol car, driving through the development on a parallel street. Officer Magee testified that the patrol car was not speeding and that they did not activate their patrol lights or siren.

As the officers continued down the street, the defendant, Toney, broke away from the group and cut across Martin Luther King Way to the east side of the development. The patrol car followed him for approximately 5 minutes.

Officer Magee stated that a citizen, seeing the patrol car, pointed in the direction behind an apartment building. Magee got out and walked around the corner of the building where he observed Toney take a plastic bag from his jacket, toss it to the ground, and kick grass over the top of it. Toney was arrested. The bag was retrieved and later determined to contain rock cocaine.

Toney was charged by information with one count of possession of cocaine in violation of the Uniform Controlled Substances Act, RCW 69.50.401(d).[1] At the fact–finding hearing he moved to suppress the cocaine. The court denied

---

[1]Toney was also charged with one count of false reporting in violation of Seattle Municipal Code 12A.16.040(D). This charge is not a subject of this appeal.

the motion and found Toney guilty as charged. Toney appeals the trial court's denial of his motion to suppress.

## II

Toney asserts that the officers' pursuit on foot constituted a seizure, thus implicating Const. art. 1, § 7 and Fourth Amendment protections. We recognize that while the trial court's findings following a suppression hearing are of great significance to a reviewing court, the constitutional rights at issue compel our independent evaluation of the evidence. *State v. Daugherty,* 94 Wn.2d 263, 269, 616 P.2d 649 (1980), *cert. denied,* 450 U.S. 958 (1981).

Under Washington law, a seizure occurs when the circumstances surrounding the encounter demonstrate that a reasonable person would believe he was not free to leave. *Immigration & Naturalization Serv. v. Delgado,* 466 U.S. 210, 216, 80 L. Ed. 2d 247, 104 S. Ct. 1758 (1984); *United States v. Mendenhall,* 446 U.S. 544, 554, 64 L. Ed. 2d 497, 100 S. Ct. 1870, *reh'g denied,* 448 U.S. 908 (1980); *State v. Ellwood,* 52 Wn. App. 70, 73, 757 P.2d 547 (1988). Whether a reasonable person would believe he was detained depends on the particular, objective facts surrounding the encounter. *See Mendenhall,* 446 U.S. at 554; *Ellwood,* 52 Wn. App. at 73.

The precise issue raised by Toney in this appeal was addressed in the recent United States Supreme Court decision, *Michigan v. Chesternut,* 486 U.S. 567, 100 L. Ed. 2d 565, 108 S. Ct. 1975 (1988). There, four Detroit police officers were on patrol in a marked police cruiser. As they approached an intersection, one of the officers noticed a car pull over to the curb. A man got out, and approached the defendant. When the defendant saw the patrol car, he turned and began to run. The patrol car followed him around the corner. One of the officers in the car later testified that he "wanted to see where [the defendant] was going.'" The patrol car caught up with him, and drove

alongside him for a short distance. As they did so, the officers saw the defendant discard a number of packets containing pills which were later found to contain a controlled substance. The defendant was charged with possession of illegal drugs. He moved for dismissal of the charges, arguing that he had been unlawfully seized during the police pursuit before his disposal of the packets. A magistrate ordered the case dismissed, the trial court upheld the order of dismissal, and the Michigan Court of Appeals affirmed. *Chesternut,* 486 U.S. at 569–70.

The United States Supreme Court reversed, holding that the conduct of the police in following the defendant did not constitute a seizure. *Chesternut,* 486 U.S. at 574. The Court reasoned that:

> the police conduct involved here would not have communicated to the reasonable person an attempt to capture or otherwise intrude upon respondent's freedom of movement. The record does not reflect that the police activated a siren or flashers; or that they commanded respondent to halt, or displayed any weapons; or that they operated the car in an aggressive manner to block respondent's course or otherwise control the direction of speed of his movement.

(Footnotes omitted.) *Chesternut,* 486 U.S. at 575.

■ We discern no significant difference between the facts in *Chesternut* and those in the instant case. Here, the officers did not activate any kind of emergency equipment, such as patrol lights or a siren. Officer Magee testified that the patrol car was not speeding. Moreover, there is no evidence that the police had intentionally singled out Toney from the group. Their attention did not turn toward him until he broke away. Finally, the police did not display any weapons nor did they command Toney to stop. Compare *Ellwood,* 52 Wn. App. at 73 (seizure occurred when detective told defendant to "'[w]ait right here'").

Toney contends that the facts here more closely parallel those described in *Hawkins v. State,* 758 S.W.2d 255 (Tex. Crim. App. 1988) and *People v. Terrell,* 77 Mich. App. 676,

259 N.W.2d 187 (1977) than those of *Chesternut*. However, his contention is not borne out by the facts of those cases. In *Hawkins*, the court held that a seizure occurred where the police actions were designed to control the direction of defendant's movement by "closing in" on him in order to detain and question him. *Hawkins*, 758 S.W.2d at 261. Here, however, the police never attempted to force Toney to run in a direction other than the one chosen by him when he decided to flee. There was no attempt to block his course or "otherwise control the . . . speed of his movement." *Chesternut*, 486 U.S. at 575.

In *Terrell*, the court found that a seizure occurred where the police officer got out of his unmarked car and "gave chase" on foot after allegedly observing defendant stick his hand in his pocket and run at the sight of the officer. *Terrell*, 77 Mich. App. at 679–80. In this case, although Officer Magee exited his patrol car, there is no evidence that he aggressively pursued Toney on foot. Rather, the record indicates that he was simply walking around the corner of the apartment building when he observed Toney discard the plastic bag.

Accordingly, we hold that the police conduct in this case did not constitute a seizure under Const. art. 1, § 7 or the Fourth Amendment. The police conduct was not "so intimidating" that Toney could have reasonably believed he was not free to leave. *Chesternut*, 486 U.S. at 576 (citing *Delgado*, 466 U.S. at 216). We thus affirm the trial court's denial of the motion to suppress.[2]

COLEMAN and KENNEDY, JJ., concur.

Review denied at 117 Wn.2d 1003 (1991).

---

[2]Because we find that no seizure occurred, we need not decide whether there were sufficient facts to constitute reasonable suspicion under *Terry v. Ohio*, 392 U.S. 1, 21–22, 30, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968).