PEOPLE v MARTIN

Docket No. 77-4566. Submitted November 15, 1979, at Detroit.—Decided January 9, 1980.

Leroy Martin was charged with the felony murders of Thelma and Clifford Campbell. He was found guilty of second-degree murder but mentally ill, Wayne Circuit Court, Harry J. Dingeman, Jr., J. Defendant approached the police to report two murders. He voluntarily accompanied police officers to the police station in order to make a statement. After a few minutes he became restless and left. Two officers followed and tried to convince him to return, whereupon defendant attacked and attempted to strangle one of them. Defendant was then placed under arrest for investigation of murder and transported to the police station where he subsequently confessed to the strangulation homicides. Defendant appeals. On appeal he alleges that his confession was improperly admitted into evidence as it was the fruit of an illegal stop and an illegal arrest. *Held:*

A legal arrest must be based upon probable cause to believe that an offense was committed and that the suspect committed it. An arrest for investigation purposes only is an illegal arrest. Defendant's arrest for "investigation of murder" was without probable cause and was unlawful. There is no such crime as investigation of murder. The Fourth Amendment prohibits illegally obtained statements from being admitted into evidence. Defendant's confession, which was solely the product of an illegal arrest, was inadmissible on constitutional grounds. Defendant's contention that his confession was the poisoned fruit of an illegal arrest is correct.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 29 Am Jur 2d, Evidence §§ 412-415.

68 Am Jur 2d, Searches and Seizures § 6.

Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure. 50 ALR2d 531.

Federal Constitution as affecting admissibility of evidence obtained by illegal search and seizure. 84 ALR2d 959.

"Fruit of the poisonous tree" doctrine excluding evidence derived from information gained in illegal search. 43 ALR3d 385.

1. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW — ILLEGAL SEIZURES — ITEMS AND STATEMENTS — ADMISSIBILITY.

The Fourth Amendment's prohibition against unreasonable searches and seizures prevents illegally seized items and statements from being admitted into evidence.

2. SEARCHES AND SEIZURES — INVESTIGATORY STOPS — PROBABLE CAUSE — IDENTITY AND INFORMATION.

Police officers, in appropriate circumstances and in an appropriate manner, may approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to arrest; stops may be made to determine a person's identity or to obtain information on crimes.

3. SEARCHES AND SEIZURES — INVESTIGATORY STOPS — CRIMINAL ACTIVITY — REASONABLE SUSPICION.

A reasonable suspicion that criminal activity has been or is taking place is sufficient for an investigatory stop.

4. ARREST — CRIMINAL LAW — PROBABLE CAUSE.

A necessary prerequisite to a valid arrest is probable cause to believe that an offense was committed and that the suspect committed it; the facts upon which the probable cause is premised must exist at the time of arrest.

5. ARREST — "INVESTIGATION OF MURDER" — ILLEGAL ARREST.

An arrest for investigation purposes only is an illegal arrest; there is no such crime as "investigation of murder" and an arrest which gives this as a reason for detention is unlawful.

6. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW — CRIMINAL LAW — DEFECTIVE ARREST — CONFESSIONS — ADMISSIBILITY.

The Fourth Amendment prevents illegally obtained statements from being admitted into evidence and a confession that is solely the product of an illegal arrest is inadmissible on constitutional grounds; for a confession to be admissible it must be determined that there was no causal connection between the tainted arrest and the confession; it is also necessary to observe the time lapse between the defective arrest and the confession, the flagrancy of official misconduct and any intervening circumstances.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant on appeal.

Before: BRONSON, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

D. C. RILEY, J. Defendant was charged with the felony murders of Thelma and Clifford Campbell, contrary to MCL 750.316; MSA 28.548. He was tried before a jury and found guilty of second-degree murder contrary to MCL 750.317; MSA 28.549 but mentally ill under MCL 768.36; MSA 28.1059. Defendant appeals as of right, raising a plethora of errors, only one of which we need address.

In the instant case, defendant approached the police to report two murders which were later verified by police to be strangulation homicides. He then voluntarily accompanied the officers to the police station in order to make a statement. After waiting a few minutes, the defendant became restless and left. Two officers followed him and tried to convince him to return, whereupon the defendant attacked and attempted to strangle one of them. Defendant was then placed under arrest for "investigation of murder" and transported to the station where he subsequently confessed to the homicides.

Defendant asserts that his confession was improperly admitted into evidence as it was the fruit of an illegal stop and an illegal arrest. The exclusionary rule, adopted to effectuate the Fourth Amendment's prohibition against unreasonable

---

* Circuit judge, sitting on the Court of Appeals by assignment.

searches and seizures, prevents illegally seized items and statements from being admitted into evidence. *United States v Calandra,* 414 US 338, 347; 94 S Ct 613; 38 L Ed 2d 561 (1974). Defendant calls upon us to rectify the error committed by the trial court in not having applied this rule below.

Defendant first challenges the legality of the police officer's stop. Police officers may "in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest". *Terry v Ohio,* 392 US 1, 22; 88 S Ct 1868; 20 L Ed 2d 889 (1968). Stops may be made to determine a person's identity, *Adams v Williams,* 407 US 143, 146; 92 S Ct 1921; 32 L Ed 2d 612 (1972), or to obtain information on crimes. *Id., People v DeFillipo,* 80 Mich App 197, 202; 262 NW2d 921 (1977), *rev'd on other grounds,* 439 US 816; 99 S Ct 2627; 61 L Ed 2d 343 (1979), *People v Jeffries,* 39 Mich App 506, 511; 197 NW2d 903 (1972). We believe, under the facts and circumstances of this case, that the officers acted reasonably in pursuing defendant for questioning regarding the reported crimes.

Defendant further contends that even if the police were justified in stopping him, they were without probable cause to arrest him. While a "reasonable suspicion" that criminal activity has been or is taking place will suffice for a stop, *People v Lillis,* 64 Mich App 64, 70; 235 NW2d 65 (1975), probable cause that an offense was committed and that the suspect committed it is a necessary prerequisite to arrest. *People v Langston,* 57 Mich App 666, 672; 226 NW2d 686 (1975), *People v Murphy,* 28 Mich App 150, 154-155; 184 NW2d 256 (1970). Moreover, the facts upon which the probable cause is premised must exist at the time of arrest. *People v Langston, supra.*

In the case at bar, there certainly was sufficient probable cause to arrest defendant for assault and battery of the attacked officer. There may even have been sufficient probable cause to support an arrest for murder. See *Langston, supra* at 673. However, the defendant was not arrested for either offense, but was arrested for "investigation of murder".

In *Brown v Illinois,* 422 US 590; 95 S Ct 2254; 45 L Ed 2d 416 (1975), the United States Supreme Court faced with a similar situation, ruled that an investigatory arrest is an illegal arrest. In the case *sub judice,* the officers repeatedly acknowledged that the defendant was arrested for investigatory purposes only. As there is no such crime as "investigation of murder", the arrest was unlawful. Accordingly, we conclude that the trial judge abused his discretion in finding that the arrest was proper.

Finally, defendant argues that his confession, as the fruit of an illegal arrest, should have been suppressed. A confession that is solely the product of an illegal arrest is inadmissible on constitutional grounds. *Wong Sun v United States,* 371 US 471, 491; 83 S Ct 407; 9 L Ed 2d 441 (1963). For the confession to be admitted, it must be determined that there was no causal connection between the tainted arrest and the confession. *Brown, supra* at 602, *People v Mosley (On Remand),* 72 Mich App 289, 293; 249 NW2d 393 (1976). Proof of the giving of *Miranda*[1] warnings merely satisfies threshold Fourth Amendment requirements. *Dunaway v New York,* 439 US 979; 99 S Ct 2248; 60 L Ed 2d 824 (1979). One must also look at the time lapse between the defective arrest and the confession, the

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

flagrancy of official misconduct and any intervening circumstances. *Dunaway, supra, Brown, supra* at 603.

In the instant case there was an illegal seizure and a close temporal proximity between that seizure and defendant's statement. We find no intervening circumstances which could have purged the taint of the deficient arrest. Therefore, defendant's contention that his statement was the poisoned fruit of an illegal arrest is correct.

In light of the disposition of this case, defendant's other claims need not be addressed.

Reversed.