## PEOPLE v HAMOUD

Docket No. 46066. Submitted May 12, 1981, at Detroit.—Decided
November 18, 1981. Leave to appeal applied for.

Hassin Hamoud was arrested after an officer investigating a
breaking and entering of a machine shop saw him and sus-
pected that he had committed the crime. The suspicion was
based upon Hamoud's resemblance to a description of the
person who burglarized the machine shop. While in custody,
defendant made two statements to the police and, following a
line-up at which defendant was identified as the burglar, an
arrest warrant charging him with breaking and entering was
obtained. Defendant was found to be guilty of breaking and
entering but mentally ill at a bench trial in Wayne Circuit
Court and was sentenced to 3 to 10 years imprisonment,
Michael L. Stacey, J. Defendant appeals. *Held:*

1. Probable cause for a valid warrantless arrest existed. The
trial court correctly admitted into evidence defendant's state-
ment to police made while he was in custody following his
arrest but prior to the line-up.

2. Defendant's trial counsel was not constitutionally ineffec-
tive in presenting the insanity defense interposed at trial.

3. Defendant's other allegations of error are meritless.

Affirmed.

1. ARREST — PROBABLE CAUSE.

Probable cause is the single basis for making an arrest without a
warrant and is a fundamental requirement for obtaining an
arrest warrant (US Const, Am IV; Const 1963, art 1, § 11, MCL
764.15; MSA 28.784).

2. ARREST — PROBABLE CAUSE — "REASONABLE SUSPICION".

A reasonable suspicion that criminal activity has been or is
taking place may suffice for a brief stop to investigate or
determine identity but probable cause alone is the foundation
for a valid arrest.

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 5 Am Jur 2d, Arrest §§ 13, 16, 24, 32.
[2, 3] 5 Am Jur 2d, Arrest § 45.

3. Arrest — Probable Cause.

The use of the words "investigation", "suspicion", and "suspect" by arresting officers is not, nor should it be, the single focus of a court's inquiry into the presence or absence of probable cause; rather, the court should look to facts which support or detract from the assertion by the prosecution, having the burden of proof, that an arrest was supported by probable cause.

4. Arrest — Probable Cause.

Probable cause to justify an arrest means facts and circumstances within the arresting officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing in the circumstances shown that the suspect has committed, is committing or is about to commit an offense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Sheila N. Robertson,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. F. Walsh, P.J., and D. C. Riley and R. D. Kuhn,* JJ.

Per Curiam. On June 17, 1978, the owner of a machine shop in Dearborn, Michigan, awakened while sleeping in his establishment, confronted an intruder in the act of burglarizing the premises. At that time the burglar put his hands up and said, "God bless you, man. Don't shoot. I'm stealing. I'm desperate." The man then fled. Police were summoned and a window was found to be broken and tools were discovered to be missing. The owner of the shop described the burglar as being a white male, about 5 feet 10 inches tall, weighing 150-160 pounds with a bush-type "afro"

---

* Circuit judge, sitting on the Court of Appeals by assignment.

haircut, a scraggly looking beard and a particular gap in his teeth.

From this description, police prepared a photographic display of more than 10 individuals, including defendant, for the victim. The photographic display took place one or two days after the offense. No identification was made by the victim, in part because defendant's photo in the photo array was one that had been made in 1972.

Within the same time frame, while investigating another burglary which had taken place within two blocks of this crime, the officer in charge of this case noticed a man remarkably like the one described to him by the victim in this case in the Dearborn Police Department offices. Intrigued by the close match-up in physical characteristics with the description given him by the victim in this case, the officer told others present that the defendant should be arrested for "investigation" of breaking and entering. On June 20, 1978, defendant was arrested and, while in custody, made two statements to the police. A corporeal line-up was held on June 21, 1978, at which the complainant identified the defendant. Thereafter, an arrest warrant charging the defendant with breaking and entering was obtained.

A bench trial was held and defendant was convicted of being guilty of breaking and entering but mentally ill. He was sentenced to serve from 3 to 10 years imprisonment. He appeals by right.

Defendant raises several issues on appeal, two of which we find deserving of comment.

First, defendant argues that his arrest for "investigation" on the ground that he was "suspected" of breaking and entering was unlawful. If so, the second statement that defendant made to police while in custody was not admissible at trial.

*Brown v Illinois,* 422 US 590; 95 S Ct 2254; 45 L
Ed 2d 416 (1975), *Wong Sun v United States,* 371
US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963).

Probable cause is the single basis for arrest
without a warrant and a fundamental requirement
for obtaining an arrest warrant. The probable
cause requirement has deep and fundamental
roots in Anglo-American law and in the fundamen-
tal law of this country. US Const, Am IV; Const
1963, art 1, § 11. Constitutional law, Michigan
statutes and court decisions narrowly circumscribe
the right of the police to detain any citizen for
investigative purposes. MCL 764.15; MSA 28.874,
*Terry v Ohio,* 392 US 1, 22; 88 S Ct 1868; 20 L Ed
2d 889 (1968), *Adams v Williams,* 407 US 143, 148-
149; 92 S Ct 1921; 32 L Ed 2d 612 (1972), *People v
Jeffries,* 39 Mich App 506, 511; 197 NW2d 903
(1972), *People v Lillis,* 64 Mich App 64, 70; 235
NW2d 65 (1975). Thus, while a "reasonable suspi-
cion" that criminal activity has been or is taking
place may suffice for a brief stop to investigate or
determine identity, probable cause alone is the
foundation for a valid arrest. *Lillis, supra,* 70.

The use of the words "investigation", "suspi-
cion" and "suspect" by the arresting officers is not,
nor should it be, the single focus of a court's
inquiry into the presence or absence of probable
cause. Rather, the court should look to facts which
support or detract from the assertion by the prose-
cution, having the burden of proof, that the arrest
was supported by probable cause. Our courts have
repeatedly held that probable cause to justify an
arrest means facts and circumstances within the
officer's knowledge that are sufficient to warrant a
prudent person, or one of reasonable caution, in
believing in the circumstances shown, that the
suspect has committed, is committing or is about

to commit an offense. *Michigan v DeFillippo,* 443 US 31, 37; 99 S Ct 2627; 61 L Ed 2d 343 (1979). *Adams v Williams, supra,* 149. Tested by this standard, the police officers here had more than suspicion, despite their use of that term. From the facts before us, we find that probable cause for a valid, though warrantless, arrest existed.

The complainant had given the police a detailed description of the intruder at the time of the break-in, days before the arrest. The description included the fact that the burglar had a particular hair style, particular beard and a pronounced gap in his teeth. Officers investigating another burglary in the same general area, occurring at or near the time of the crime in the instant case, noted that the defendant matched the description when they saw him in Dearborn Police Department offices. Because the police had probable cause for the arrest that they made, the trial court correctly admitted into evidence defendant's second statement, given on the morning of June 21, 1978.[1]

Further, we find that defendant's trial counsel was not constitutionally ineffective in presenting the insanity defense interposed at trial. Counsel performed "at least as well as a lawyer with ordinary training and skill in the criminal law". *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976).

Defendant's other allegations of error are merit-

---

[1] *Cf. People v Martin,* 94 Mich App 649; 290 NW2d 48 (1980), in which defendant was arrested for "investigation of murder". In *Martin,* "the officers repeatedly acknowledged that the defendant was arrested for investigatory purposes only". *Id.,* 653. As there is "no such crime" as "investigation of murder", the arrest was unlawful. *Id.* In the present case, it is clear that the defendant was arrested for breaking and entering, a cognizable offense, upon probable cause to believe the defendant committed the crime. The officer's isolated remark was superfluous and inaccurate.

less. *People v McLeod,* 407 Mich 632; 288 NW2d 909 (1980), *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980).

Affirmed.