PEOPLE v HEARD

Docket Nos. 94685, 95924. *Submitted October 4, 1988, at Detroit. Decided May 25, 1989.*

Mitchell Jerome Heard, also known as James Marcus Smith, waived his right to preliminary examination in East Detroit Municipal Court on a charge of breaking and entering with intent to commit larceny and was bound over for trial in the Macomb Circuit Court. Defendant filed in the trial court motions to suppress evidence and to reduce the charge. On a motion by the prosecution, the trial court remanded the case to the municipal court for a preliminary examination. Following a jury trial in which defendant undertook his own defense after counsel was allowed to withdraw, defendant was convicted of breaking and entering and of being an habitual offender, sixth offense. The trial court, Frank E. Jeannette, J., sentenced defendant as an habitual offender to seven to fifteen years of imprisonment. Defendant appealed, raising several claims.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in allowing the prosecution to indorse an expert witness one month before trial. Defendant was afforded adequate time to prepare for the witness and defendant did not demonstrate any prejudice resulting from the late indorsement.

2. The trial court's remand for a preliminary examination was not error as the trial court had the authority to issue an order of remand.

3. By failing to cite authority in support of the claim that it was improper for the prosecution to move for a remand, defendant has abandoned the issue on appeal.

4. The record indicates that the trial court, before allowing defendant to represent himself, properly determined that (1)

REFERENCES

Am Jur 2d, Appeal and Error §§ 159, 623, 700; Arrest §§ 25, 32, 44; Criminal Law §§ 320, 414-418, 551, 774, 849 *et seq.*, 993-995, 1010; Evidence §§ 375, 1144.

Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2d 1196.

defendant's request for self-representation was unequivocal, (2) defendant's assertion of the right to self-representation was made knowingly, intelligently and voluntarily, and (3) defendant's self-representation would not disrupt, inconvenience or burden the court. The trial court therefore did not err in allowing defendant to undertake his own defense.

5. The trial court did not err in refusing to instruct the jury, as requested by defendant, that "defendant cannot be convicted on an inference after an inference." The requested instruction was inappropriate.

6. No error resulted from the prosecution's closing argument with regard to testimony indicating a match between footprints at the crime scene and defendant's boots. The argument was supported by the evidence and was not prejudicial.

7. Defendant's right to a speedy trial was not violated in this case as the delays in trial were either for valid reasons or for reasons attributable to defendant.

8. Sufficient probable cause existed in support of defendant's arrest, which was effected without a warrant. Evidence obtained pursuant to the arrest was not the result of an illegal arrest and was properly admissible at preliminary examination and trial.

9. The trial court did not err in denying defendant's motion for a verdict of acquittal as the evidence presented by the prosecution was sufficient to allow a rational trier of fact to find the essential elements of the crime charged proven beyond a reasonable doubt.

10. Defendant was not denied effective assistance of counsel during the period when he was represented by counsel. The record indicates that counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law and that he made no serious mistake without which defendant might have had a reasonably likely chance of acquittal.

11. The prior convictions which served as the basis for defendant's conviction as a sixth-offense habitual offender were constitutionally valid and the statute which authorizes habitual-offender convictions for those with three or more prior felony convictions properly applies to defendant.

12. The trial court did not abuse its discretion in denying defendant's motion for a mistrial brought at the habitual-offender proceedings after a prosecution witness was allowed to identify defendant by obtaining defendant's fingerprints in court and comparing them with those of the individual convicted of the prior felonies.

Affirmed.

1. Criminal Law — Witnesses — Indorsement of Witnesses.

   The late indorsement of witnesses is within the sound discretion of a trial court; where a trial court adopts procedures to guarantee the defendant adequate time to prepare and the defendant fails to articulate any prejudice due to the late indorsement of a witness, no abuse of discretion results from allowing late indorsement (MCL 767.40; MSA 28.980).

2. Criminal Law — Circuit Courts — Preliminary Examinations.

   In a case where the defendant waives his right to a preliminary examination in municipal or district court and thereafter files motions in circuit court for the suppression of evidence and for a reduction of the charge, the circuit court may order the case remanded for a preliminary examination.

3. Appeal — Preserving Question.

   A statement of position without a supporting citation is insufficient to bring an issue before the Court of Appeals.

4. Criminal Law — Self-Representation.

   A trial court may not permit a defendant to undertake his own defense unless: (1) the request for self-representation is unequivocal; (2) the defendant knowingly, intelligently and voluntarily asserts his right to self-representation; and (3) no disruption, inconvenience or burden on the court will result in allowing the defendant to represent himself.

5. Criminal Law — Jury Instructions — Appeal — Preserving Question.

   A verdict will not be set aside on the basis of alleged errors in jury instructions where no objection was made to the instructions, unless the errors have resulted in a miscarriage of justice.

6. Criminal Law — Speedy Trial.

   The determination of whether a defendant's right to a speedy trial has been violated involves consideration of (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant resulting from the delay.

7. Criminal Law — Arrest — Probable Cause.

   Probable cause to justify an arrest without a warrant exists where the facts and circumstances within the arresting officer's knowledge are sufficient to lead the officer to believe that the suspect has committed or is in the process of committing a felony.

8. CRIMINAL LAW — DIRECTED VERDICT — ACQUITTAL.

When ruling on a motion for a directed verdict of acquittal, a court must consider the evidence presented in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

9. CRIMINAL LAW — HABITUAL OFFENDERS.

The statute which allows for the enhancement of the sentence of a defendant with three or more prior felony convictions sets no limit on the number of its subsequent applications to the same defendant; a defendant with five prior felony convictions may, following another conviction, be sentenced as a sixth-offense habitual offender (MCL 769.12; MSA 28.1084).

10. CRIMINAL LAW — MISTRIAL — APPEAL.

The grant or denial of a motion for mistrial rests within the sound discretion of the trial court and will be reversed on appeal only upon a finding that the trial court abused its discretion.

11. CRIMINAL LAW — IDENTIFICATION — FINGERPRINTING.

Permitting an in-court fingerprinting of a defendant is within the discretion of the trial court when relevant to an issue in the case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert John Berlin,* Assistant Prosecuting Attorney, for the people.

*Matthew R. Rumora,* for defendant on appeal.

Before: DOCTOROFF, P.J., and SHEPHERD and R. R. LAMB,* JJ.

PER CURIAM. Defendant appeals as of right his conviction by jury of breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305, and being an habitual offender, sixth offense, MCL 769.12; MSA 28.1084. Defendant was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

originally sentenced to imprisonment of three to ten years but that sentence was vacated and defendant was sentenced to seven to fifteen years as an habitual offender. We affirm.

The present case stems from the breaking and entering of a drugstore in East Detroit. Officer Tom Duggan responded to the drugstore's alarm and, as he approached the drugstore, saw a car rapidly driving away. The car proceeded to run past stop signs and, as it passed Officer Duggan, neither of the two people in the car made eye contact with Officer Duggan. Officer Duggan began following the car and at that point it began to accelerate to an excessive speed. Shortly thereafter, defendant, carrying a green duffle bag, jumped from the moving vehicle. He dropped the duffle bag and ran to the nearest curb. He then started walking casually in the opposite direction.

Officer Duggan arrested defendant, and after a struggle placed him in the back seat of the squad car. With the assistance of the Harper Woods Police, Duggan was able to apprehend the other suspect. Officer Duggan went back for the duffle bag approximately five minutes later.

Defendant first argues that the trial court abused its discretion by allowing the prosecution to indorse an expert witness one month prior to trial. The late indorsement of witnesses is within the sound discretion of the trial court. *People v Hayden,* 132 Mich App 273; 348 NW2d 672 (1984), lv den 422 Mich 881 (1985). See also MCL 767.40; MSA 28.980. Where the trial court adopts procedures to guarantee defendant adequate time to prepare and defendant fails to articulate any prejudice due to the late indorsement, allowing a late indorsement is not an abuse of discretion. *Hayden, supra,* p 291.

In this case, an expert witness was indorsed

approximately one month prior to trial. The trial court allowed the late indorsement conditioned upon defendant's being given an opportunity to examine the witness prior to trial. Defendant effectively cross-examined the expert witness and admitted he was able to effectively defend against the expert's testimony. Given these facts, we do not find an abuse of discretion in allowing the late indorsement of the expert witness.

Defendant's second issue concerns his preliminary examination. Defendant initially waived his right to a preliminary examination. However, he later moved to suppress evidence and to reduce the charge to conform with the admissible evidence. Defendant based these motions on information contained in the police report prepared by Officer Duggan and Officer Duggan's testimony at defendant's parole hearing. At the hearing on the motions, the prosecutor asked the court to remand the case to district court for a preliminary examination as there was no record upon which the court could rule on the motions. Because it is within the authority of the circuit court to remand a case for a preliminary examination to receive additional evidence, see *People v Miller,* 62 Mich App 495; 233 NW2d 629 (1975), and defendant did not object, we find no error in the circuit court's decision to remand this case for a preliminary examination.

In a related issue defendant claims that it was improper for the prosecution to ask for a remand for a preliminary examination. We find that this issue has been abandoned on appeal as no support was cited for this argument. *People v Sowders,* 164 Mich App 36, 49; 417 NW2d 78 (1987).

We next address whether the trial court erred in allowing defendant to proceed in pro per. Defendant's first attorney asked to withdraw from the

case and at that point defendant expressed a desire to represent himself. Counsel was appointed to act in an advisory capacity.

The right of self-representation is implicitly guaranteed by the Sixth Amendment of the United States Constitution. *Faretta v California,* 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975). In Michigan the right to self-representation is guaranteed by both constitutional and statutory law. Const 1963, art 1, § 13; MCL 763.1; MSA 28.854. Three requirements must be present before a defendant's request to proceed in pro per will be granted: (1) the request must be unequivocal; (2) the trial court must determine that defendant is asserting his right knowingly, intelligently and voluntarily; and (3) the trial court must determine that defendant acting as his own counsel will not disrupt, inconvenience or burden the court. *People v Anderson,* 398 Mich 361, 367-368; 247 NW2d 857 (1976). Our review of the record reveals that these requirements were met in this case and the court did not err in allowing defendant to proceed in pro per.

Defendant next alleges that the trial court erred by denying defendant's request for a specific jury instruction that "defendant cannot be convicted on an inference after an inference." We find that this instruction was not appropriate and the court did not err in refusing to give the instruction to the jury. Furthermore, defendant abandoned his request for the specific instruction and thus the issue is not properly before this Court on appeal.

Defendant argues that during closing argument the prosecutor's reiteration of testimony about footprints at the crime scene matching defendant's boots constituted error requiring reversal. We first note that defendant failed to object to the prosecutor's comments and thus appellate review of the

alleged error is foreclosed unless the prejudicial effect was so great that it could not have been cured by an appropriate instruction and failure to consider the issue would be a miscarriage of justice. *People v Barr,* 156 Mich App 450, 465; 402 NW2d 489 (1986). Since we find that the prosecutor's closing remarks were supported by the testimony, there was nothing unduly prejudicial about them.

The next question is whether defendant was denied his right to a speedy trial. The length of time between defendant's arrest and his trial was 9½ months. When analyzing a claimed violation of the right to speedy trial we need to consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972). Although defendant demanded his right to a speedy trial in compliance with *Collins, supra,* we find that the reasons his trial was delayed are valid and the defendant has not made any showing of prejudice resulting from the delay. We note that many of the delays in bringing defendant to trial were due to defendant's own motions and the withdrawal of defendant's first attorney. This issue affords defendant no relief.

Defendant claims that his arrest was illegal and that the evidence obtained therefrom was inadmissible and should have been suppressed. In a supplemental statement, defendant claims that this case must be remanded for an evidentiary hearing pursuant to *People v Talley,* 410 Mich 378; 301 NW2d 809 (1981). The procedural history of this case, along with the circumstances of defendant's arrest, leads us to conclude that no remand is necessary and that the issue of probable cause for defendant's arrest has been correctly resolved.

As noted above, defendant initially waived preliminary examination in district court. In circuit court, he moved for suppression of evidence obtained pursuant to his arrest and to reduce the charge to conform with the admissible evidence. At the preliminary examination held on remand, the issue of probable cause for defendant's arrest was argued extensively. The magistrate found probable cause existed for defendant's arrest, along with the findings necessary for binding defendant over for trial. Defendant then filed another motion in circuit court entitled "Motion to Quash" based on the probable-cause issue. In the relief section of that motion, defendant requested that, in the alternative, the evidence gained as a result of the arrest be suppressed. The trial court reviewed the preliminary examination transcript, affirmed the magistrate's finding of probable cause to arrest, and denied defendant's motion to quash. No separate evidentiary hearing on the motion to suppress was ever held.

Following the prosecutor's presentation of proofs at trial, including testimony from the officer concerning the probable-cause issue, defendant moved for a directed verdict of acquittal based in part on a claim that his arrest was not supported by probable cause and any evidence obtained following his arrest was thereby obtained in violation of his Fourth and Fourteenth Amendment rights. After having the opportunity to observe the arresting officer testify, and hearing all the proofs, the trial court denied defendant's motion. Based on the number of opportunities defendant has taken to present the issue (two different judges, each having had the opportunity to hear live testimony from the arresting officer), we think remanding for a *Talley* hearing would require a useless expenditure of judicial time. We note that defendant took

full advantage of the opportunity afforded at trial to cross-examine the arresting officer concerning all the circumstances and observations made immediately surrounding defendant's arrest. This included an attempt to impeach Officer Duggan with prior slightly inconsistent statements attributed to the officer, concerning his observations immediately prior to defendant's arrest. We cannot conclude that a separate evidentiary hearing would serve to further highlight the issues for which defendant sought a ruling.

If a defendant is detained or taken into custody by a police officer acting without a warrant, the detention is illegal unless the officer has probable cause to arrest the defendant. *People v Hamoud,* 112 Mich App 348, 351; 315 NW2d 866 (1981), lv den 414 Mich 959 (1982). Probable cause exists where the facts and circumstances within the police officer's knowledge are sufficient to lead the police officer to believe that the suspect has committed or is in the process of committing a felony. *People v Mitchell,* 138 Mich App 163, 167; 360 NW2d 158 (1984). Once there is probable cause, any evidence seized as a result of the arrest may be admissible evidence.

A review of the record leads us to conclude that, as a matter of law, Officer Duggan had probable cause to arrest defendant. Just prior to 3:30 A.M., Duggan responded to the alarm at the pharmacy. While on a shortcut route, which headed directly to the rear of the pharmacy, he observed defendant's car come from around the corner by the pharmacy. The car was traveling at a relatively high speed and failed to stop at a stop sign. While it slowed a bit on approaching the patrol car, it thereafter sped up again and failed to stop at the next stop sign. Upon passing Officer Duggan, the occupants turned their heads away from the patrol

car. Duggan turned around and followed. He observed defendant alight from the still-moving car, drop the duffle bag and run to the nearest curb then start walking casually. Based on the information Duggan had at the time, we conclude he had probable cause to believe that defendant had committed or was in the process of committing a felony. Thus, defendant's arrest without a warrant was proper and the trial court properly admitted the evidence obtained pursuant to the arrest.

We further note that even if probable cause were not established, defendant would not necessarily succeed in suppressing all of the evidence. When he dropped the duffle bag and walked away from it, he may have abandoned the property so as to sufficiently abandon any reasonable expectation of privacy concerning that bag. See *People v Boykin,* 119 Mich App 763; 327 NW2d 351 (1982); *People v Grimmett,* 97 Mich App 212, 216; 293 NW2d 768 (1980), lv den 411 Mich 853 (1981). Since defendant walked away from the dropped duffle bag prior to any possible illegal detention, the limitations in *People v Shabaz,* 424 Mich 42, 66; 378 NW2d 451 (1985), do not apply.

The next question raised is whether the trial court erred in denying defendant's motion for a directed verdict based on insufficient evidence. When ruling on a motion for a directed verdict, the trial judge must consider the evidence presented in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). A review of the record along with a reading of the statute in question, MCL 750.110; MSA 28.305, leads us to conclude that the

evidence presented was sufficient and the trial judge's denial of defendant's motion for a directed verdict was proper.

Defendant claims that he was denied effective assistance of counsel due to his first attorney's failure to raise the motion to suppress evidence.

A criminal defendant is guaranteed effective assistance of counsel under both the Michigan and United States Constitutions. US Const, Am VI; Const 1963, art 1, § 20. We recognize the split in decisions of this Court concerning whether the test for ineffective assistance of counsel under the Michigan Constitution differs from that afforded under the United States Constitution. See *People v Dalessandro,* 165 Mich App 569; 419 NW2d 609 (1988), further consideration declined, 430 Mich 880 (1988); *People v Dalton,* 155 Mich App 591; 400 NW2d 689 (1986). We conclude that defendant has failed to establish ineffective assistance under either test.

A review of the record below indicates that defendant was represented by counsel who performed at least as well as a lawyer with ordinary training and skill in the criminal law. Our earlier finding that the evidence was properly admitted means that defense counsel made no serious mistake without which defendant might have had a reasonably likely chance of acquittal. We conclude that defendant's case suffered no adverse effect from his appointed counsel's actions.

The remainder of defendant's issues on appeal concern his habitual-offender conviction. He first argues that four of his prior convictions were constitutionally invalid and therefore inadmissible to charge him as an habitual offender. We have reviewed the alleged constitutional infirmities and find them to be without merit. All of his previous

convictions were constitutionally sound and admissible.

Defendant next alleges that his habitual-offender conviction violates his constitutional rights because there is no such offense. Defendant maintains that the habitual-offender statute is limited to four prior offenses. We disagree. MCL 769.12; MSA 28.1084 applies to a person who has been convicted of three or more felonies. The statute does not place an upper limit on the number of felonies which may be used to supplement a conviction. This Court has recognized that a defendant may be charged with and convicted of being an habitual offender with six previous offenses. See *People v Curry,* 142 Mich App 724; 371 NW2d 854 (1985), and *People v Thornsbury,* 148 Mich App 92; 384 NW2d 88 (1985).

Defendant maintains that the trial court abused its discretion in denying his motion for a mistrial where the prosecutor asked a witness to fingerprint the defendant in court so as to identify defendant at the habitual-offender proceeding. The grant or denial of a motion for a mistrial rests within the sound discretion of the trial court. The court's decision will be reversed only upon a finding that the court abused its discretion. *People v Green,* 131 Mich App 232; 345 NW2d 676 (1983). Fingerprint comparison is an accepted method of proving the elements of an habitual-offender conviction and the trial court has the discretion to permit an in-court fingerprinting when relevant to an issue in the case. *People v Davis,* 89 Mich App 588; 280 NW2d 604 (1979). In this case, defendant attacked the procedure used by the prosecution's expert witness to identify defendant's fingerprints as matching those of the person convicted of five previous offenses. The prosecution asked for an in-court fingerprinting as a response. We find that

the request was proper and therefore it was no abuse of discretion for the trial court to order the fingerprinting or to deny defendant's motion for a mistrial.

Affirmed.